THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.,

*v.*

JAMES H. LEATON *et al.*

*Filed at Springfield September 27, 1887.*

1.   CLERK OF CIRCUIT COURT—*approving appeal bond—powers of clerk, ·and of his liability.*   A circuit clerk can, under the law, only approve the ·sufficiency of the security of an appeal bond. · The sufficiency of the bond, ·in no other respect, is left to his determination.

2.   The clerk, by approving the security on an appeal bond which omits ·the name of one of the appellees, and transmitting the same to the Appellate Court, there being no question as to the sufficiency of the security executing ·the same, will not become liable, on his official· bond, for the omission of ·the name of one of the appellees.

3.   The clerk's approval of the security to an appeal bond has no effect ·on the sufficiency or insufficiency of the bond, or upon the rights of the ·respective parties to the judgment appealed from.

WRIT· OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. BLADES & NEVILLE, for the plaintiffs in error:

Appeal bonds are amendable.   Starr & Curtis' Stat. chap. 110, sec. 69; Rev. Stat. 1884, chap. 79, sec. 69; Sess. Laws, 1853, p. 125; *Hinman* v. *Kitterman,* 40 Ill. 253; *Wear* v. *Killeen,* 38 id. 259.

An informal or insufficient bond operates to perfect the appeal.   *Miller* v. *Machine Co.* 79 Ill. 450.

Being amendable, are not void.   *Bassett* v. *Bratton,* 86 Ill. 152.

Messrs. KERRICK, LUCAS & SPENCER, and Mr. JOHN J. MORRISSEY, for the defendants in error:

It is not claimed that the clerk was guilty of any willful wrong, but that he is unconditionally bound to see that the bond was good.

Prior to the enactment of the statute, only the court could approve of either the bond or the securities on the bond. *Mining Co.* v. *Pulling*, 89 Ill. 58; *Burke* v. *Howard*, 15 Ind. 219; *Parker* v. *Wills*, 57 Miss. 766.

Therefore, if it were not in the power of the court to delegate the authority of approving the bond to the clerk, it follows, as a matter of course, that for taking an informal bond, "with good security," he would not be liable, if the security was good, when that was the only question for him to pass on, in the absence of any intentional or willful wrong.

There is a material distinction between approving the bond and approving the security thereon. *Sulton* v. *McCoy*, Wright, (Ohio,) 95.

As the bond was defective in form, and never had been approved by the court, who alone could approve it, it did not stay the issuing of an execution. *Tucker* v. *State*, 11 Md. 322; *Johnson* v. *Goldsborough*, 1 H. & J. 499; *Orchard* v. *Hughes*, 1 Wall. 73; *Hudgins* v. *Kemp*, 18 How. 530; *Robinson* v. *Gill*, 12 C. B. 191.

If execution was not stayed, then appellants were not injured, and have no right of action here.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is debt, upon the bond of a circuit clerk. The breach alleged is, that an appeal was prayed from a judgment of the circuit court to the Appellate Court for the Third District, and allowed, upon condition of the appellants filing bond in the sum of $2000, with security to be approved by the clerk, within thirty days from the date of the rendition of the judgment; that a bond was executed, omitting the name of one of the appellees as a payee therein, and the clerk, without the form of said bond having been, in the first instance, approved by the circuit court, received the bond and approved the security, and transmitted the bond to the clerk of the Appellate Court for the

Third District. A demurrer to the declaration was sustained by the circuit court, and that judgment, on appeal to the Appellate Court for the Third District, was affirmed by that court, and the record is now here by appeal from this judgment of affirmance.

It is provided by section 67, of chapter 110, of the Revised Statutes of 1874, that the appellant shall "give and file in the office of the clerk of the court from which the appeal is prayed, bond, in a reasonable amount, to secure the adverse party, to be fixed by the court, with sufficient security to be approved by the court." And section 68 of the same chapter is: "The clerk of the court may, by order of the court, made at the time of praying the appeal, and entered of record, approve of the security offered upon such bond." Before the enactment of these provisions, the circuit court had no authority to refer the question of the approval of the security to the clerk. (*Abraham* v. *Huntington*, 19 Ill. 403; *Mining Co.* v. *Pulling*, 89 id. 58.) Sections 67 and 68, *supra*, are, in substance, re-enacted, and made applicable to appeals, etc., from the circuit court to the Appellate Court, by the "Act to amend an act in regard to practice in courts of record," in force July 1, 1877. (Laws of 1877, p. 149.) It is thus quite clear that the only question left to the determination of the circuit clerk, in the instance of which complaint is here made, is the sufficiency of the security offered. His judgment upon that question can, by no possibility, affect the bond in any other respect, because its sufficiency is not, in any other respect, left to his determination. If the bond is insufficient, his judging the security to be sufficient did not make the bond insufficient, nor did that determination of his preclude appellants from taking any action in the premises which they would otherwise have taken.

It is said the bond was amendable. That may be, but the approval of the security by the clerk did not make it so when otherwise it would not have been entitled to be amended. The clerk did not, by placing his approval of the security upon the

bond, and certifying it, give it a currency, other than as respects the sufficiency of the security, which it did not otherwise have.

The security upon the bond being sufficient, and approved by the clerk, the parties appealing were then either entitled to an appeal, as a matter of right, or the bond was insufficient to take the case into the Appellate Court. In neither view was the clerk authorized to do any act to control or materially affect the rights of the respective parties, and any unauthorized act in that respect, if there was any such, was without legal effect.

We think the demurrer was properly sustained. The judgment is affirmed.

*Judgment affirmed.*