Coats v. Barrett.

Coats v. Barrett.

1 *Judgments—Sufficiency of Form.*—A judgment in the following form—" The court being fully advised in the matter, finds the issues for the plaintiff, and proceeds to render judgment in favor of the said plaintiff, and against the said defendant, for the sum of two hundred and forty-seven dollars and seventy cents and the costs of this suit, and execution is awarded for the same," while not in the most approved form, yet when tested by the rules of law, is not fatally defective.

2. *Judgments—Functions of the Judgment.*—It is not a function of the judgment to show what evidence the court acted upon. If a party wishes the court, trying the issues without a jury, to show what disposal was made of his defense, or to disclose the factors which enter into the findings, he may do so by properly framed propositions of law which the court is required to mark " held " or "refused."

3. *Judgments—Requisites of.*—The judgment of the court is giving the answer to the problem before it, and not the process by which the answer has been obtained.

4. *Statutes—Constructions of—Prior Statutes Applicable to this Court.*—The statute provides that no judgment shall be reversed in the Supreme Court for mere error in form, if it be for the true amount of indebtedness or damages. There is no doubt that this act, although enacted before the organization of the Appellate Court, is sufficiently broad in its scope and elastic in its terms to include any courts thereafter to be created, and given part of the functions which were to be exercised by the Supreme Court when the enactment went into operation.

5. *Judgments—Test for Determining the Sufficiency.*—Whatever appears upon its face to be intended as the entry of a judgment, will be regarded as sufficiently formal if it shows (1) the relief granted, and (2) that the grant was made by the court in whose record the entry was written. In specifying the relief granted, the parties of whom and for whom it is given must be sufficiently identified. It must show the plaintiff who recovers; the defendant, against whom the recovery is had, and the specified thing or amount of money recovered.

Memorandum.—Appeal from a judgment rendered by the Circuit Court of Jefferson County; the Hon. EDMOND D. YOUNGBLOOD, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893, and affirmed. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, WILLIAM H. GREEN, ATTORNEY.

The judgment is defective in that it shows no action of

the court rendering judgment for appellee. It recites that the court proceeds to render judgment in favor of the said plaintiff, and does not order or adjudge his right to a recovery. It is a mere recital of the clerk and not the act of the court. While a judgment will not be reversed for want of form, it will be, where found to be defective. Myer v. Village of Teutopolis, 131 Ill. 556; Faulk v. Kellums, 54 Ill. 188.

### APPELLEE'S BRIEF, ALBERT WATSON, ATTORNEY.

We do not contend that the form of judgment used by the clerk is the most approved form, but we do think it is sufficient to make a valid, legal judgment, and that grave injustice would follow a reversal upon so purely technical and unmeritorious a question. Freeman on Judgments, Sections 46 to 51 inclusive. (Ed. of 1892.)

In Wells v. Hogan, Beecher's Breese, 337, the Supreme Court says: "No particular form is required in the proceedings of a court to render its order a judgment. It is sufficient if it be final, and the party may be injured." Applying this rule to our judgment, we find it amply sufficient. See also Minkhart v. Hankler, 19 Ill. 47.

In Benedict v. Dillehunt, 3 Scam. 287, the amount of the judgment could only be known by reference to a certain paper bond, but the Supreme Court sustained it because *Id certum est quod certum reddi potest.* See also Wilmans v. Bank, etc., 1 Gilm. 667.

Finally we cite Sec. 3, Chap. 7, Rev. Stat. of Illinois. No judgment shall be reversed for mere error in form, if the judgments be for the true amount of indebtedness or damages.

### OPINION OF THE COURT, SCOFIELD, J.

The bill of exceptions in this case having been stricken from the record on motion of appellee, nothing remains for our consideration save the objection made to the judgment, which is as follows: "The court being fully advised in the matter finds the issues for the plaintiff and proceeds to render judgment in favor of the said plaintiff and against

Coats v. Barrett.

the said defendant for the sum of two hundred and forty-seven dollars and seventy cents, and the costs of this suit, and execution is awarded for the same." It is urged that the judgment should show specifically what disposition was made of appellant's set-offs. This is not the function of a judgment. If a party to a suit wishes the court, trying the issues without a jury, to show what evidence is acted upon, and what disregarded, or to disclose the factors which enter into the finding or judgment, he may do so by properly framed propositions of law which the court is required to mark " held " or " refused." The judgment itself should give the answer to the problem, and not the process by which the answer has been obtained.

It is also urged that the statement " proceeds to render judgment " is a mere recital by the clerk, and does not show the action of a court engaged in rendering judgment. If such is the case, why was an execution awarded ? Does the court award an execution first, and render judgment afterward ? The second assignment of error, " The court erred in rendering judgment against the defendant," indicates a strong suspicion on the part of appellant's able counsel that the court not only proceeded to render judgment, but actually succeeded in doing so. The statutes of this State provide that " no judgment shall be reversed in the Supreme Court for mere error in form, if the judgment be for the true amount of indebtedness, or damages." There is no doubt that this enactment of the legislature, made before the organization of the Appellate Court, is sufficiently broad in its scope, and elastic in its terms, to include any courts thereafter to be created, and given part of the functions which were exercised by the Supreme Court when the enactment went into operation. If such be the case, this court is precluded by the mandate of the legislature, from reversing this judgment for mere error in form.

In Wells v. Hogan, Breese, 337, it was held that no particular form is required in the proceedings of a court to render its order a judgment, but that it is sufficient if the

order be final, and the party against whom it is directed, may be injured thereby.

In Minkhart et al. v. Hankler, 19 Ill. 47, it was held that whatever language may be used in the record, if it is apparent what the finding of the court is, and that finding is correct in law, a judgment will not be reversed because of the use of untechnical or inappropriate words. The tests for determining the sufficiency of a judgment in matters of form are very clearly stated in Freeman on Judgments, Sec. 50, in the following language: "I think, however, that from the cases, this general statement may be safely made: that whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it show, first, the relief granted, and, second, that the grant was made by the court in whose records the entry is written. In specifying the relief granted, the parties of whom and for whom it is given must, of course, be sufficiently identified. According to the Supreme Court of Alabama, 'A judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the special thing or amount of money recovered.'" While the judgment in question is not in the most approved form, yet when tested by the rules thus laid down, it is not fatally defective. The judgment will be affirmed.