## Louisville & St. L. Consolidated R. R. Co. v. Edward Gobin, by Elizabeth Gobin, his Next Friend.

1. NEGLIGENCE—*Speed of Trains Regulated by Ordinance.*—It is negligence in a railroad company to run its trains at a greater rate of speed within the limits of a city, than is allowed by the ordinances.

2. JURY—*Judges of the Weight to be Given to Testimony.*—It is the province of the jury to judge what weight and credit should be given to the testimony of the witnesses, and find accordingly, and unless such finding is so contrary to the evidence as to create the belief in the mind of the court that the jury misapprehended or disregarded the evidence, the verdict will not be disturbed.

3. EVIDENCE—*Speed of Trains.*—Any person may testify as to speed of train, whether he is a railroad man or not, and state his opinion, based upon his observation of the train while in motion. The weight to be given to such testimony is for the jury to determine.

4. NEGLIGENCE—*Speed of Trains—Cause of Injury.*—Where a railroad company, by itself or agents, runs its trains at a greater rate of speed in or through the incorporated limits of a city than is permitted by the ordinances of such city, such company is liable for all damages done the person or property by such train, and the same is presumed to have been done by the negligence of such company or their agents. It is not necessary to prove that the injury was the direct result of such unlawful rate of speed.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, G. & G. A. KOERNER AND FRED. B. MERRILLS, ATTORNEYS.

A railroad corporation is not liable for every accident which may occur upon its right of way, or upon its trains. City of Chicago v. Gavin, 1 Brad. 360; Gavin v. City of Chicago, 97 Ill. 70.

The liability must have for its foundation, either some wrongful act, or negligence or default on the part of the corporation or its servants or agents. Chicago & A. R. R. Co. v. Becker, Admr., 76 Ill. 30.

Before a person can recover on account of the neglect of a statutory duty, it must appear that the injury complained of was the result of such neglect and that the injured party exercised due care. Chicago B. & Q. v. Johnson, Admx., 103 Ill. 512; Wabash St. L. & Pac. Ry. v. Thompson, 15 Brad. 116; St. Louis A. & T. H. R. Co. v. Andres, 16 Brad. 292.

To render appellant liable for damage flowing from its negligence, it must be shown that the damage was the ordinary or probable consequence of the act.

APPELLEE'S BRIEF, B. H. CANBY AND M. D. BAKER, ATTORNEYS.

" The killing and the violation of the ordinance were proved, and thus a *prima facie* case of negligence was made out against the company. The *onus* was thrown upon it to rebut the presumption of law arising upon the facts proved. The evidence failed to remove the presumption, and there is no escape from the liability, for the jury might fairly attribute the killing to the speed of the train." Toledo, P. & W. R. Co. v. Deacon, 63 Ill. 91; Chicago, B. & Q. R. Co. v. Haggerty, 67 Ill. 113; Lake Shore & M. S. R. Co. v. Berlink, 2 Brad. 427; Wabash R. Co. v. Weisbeck, 14 Brad. 525; Terre Haute & I. R. Co. v. Voelker, 129 Ill. 540.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee, who sues by his next friend, was a child five years and seven months old when injured. He lived with his mother, who was a widow, and supported appellee and her three other children by her labor. She lived in East St. Louis, in a house the rear of which faced Railroad street, a public street of that city, upon and along which appellant's track was located at the time of the accident, about 2 o'clock P. M. of November 4, 1890.

Appellee was found with one leg lying over the rail and the rest of his body outside the rail of appellant's road in said street, and a short distance from his mother's house. His leg was so crushed and mangled that amputation became

necessary. Immediately before he was picked up, appellant's freight train consisting of engine and eighteen cars had passed over said track at the place he was found. The averments of negligence in the declaration which were traversed and issue joined thereon were : 1st. That defendant's train was run in and upon a public street in the city of East St. Louis, at a speed greater than six miles an hour, in violation of a city ordinance limiting the speed of freight trains to six miles an hour. 2d. That appellant's servants in charge of said train saw, or by exercising due care and diligence, might have seen appellee in time to avoid the injury, but failed to exercise such care or diligence. The jury returned a verdict finding defendant guilty and plaintiff's damages $3,000. Judgment was entered on the verdict for that amount and costs, and defendant took this appeal. The right to recover by reason of the negligence first charged is based on paragraph 87, Chap. 114, 2d Starr & Curtis Stat.

The statute provides : " Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive, engine or car, and the same shall be presumed to have been done by the negligence of said corporation or their agents."

On behalf of appellant, it is said appellee failed to prove by a preponderance of evidence the material averment that the speed of the train at the time of accident exceeded six miles an hour, and furthermore even if the proof did show a violation of the city ordinance in that regard, yet it must also appear, from the evidence, that the accident was the result of such violation.

The evidence as to speed was conflicting. Three witnesses for appellant testified it was not more than three or four miles an hour; a like number for appellee testified the

train was running at a speed of eight to nine miles an hour; each witness disclosed the means and opportunity he had for observing and judging the speed, and the jury saw and heard them, and could observe their demeanor, conduct and appearance while testifying, and it was the peculiar province of the jury to judge what weight and credit should be given to the testimony of the several witnesses, and find accordingly, and unless the finding is so contrary to the evidence as to create the belief in the minds of this court that the jury misapprehended or disregarded the evidence, we ought not to disturb their verdict.

The contention of counsel that the testimony of appellant's witnesses was entitled to more credit because of their knowledge and experience as railroad men, is not tenable as a legal proposition. While the fact of their possessing such knowledge and experience might very properly be considered by the jury in determining what weight should be given to their testimony, other facts and circumstances surrounding them, as disclosed by the evidence, also proper to be so considered by the jury, might materially affect the credibility of their testimony. Our Supreme Court have said, in C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, any one can testify as to speed of train, whether a railroad man or not, and state his opinion, based upon his observation of the train while in motion. The weight to be given to such testimony is for the jury to determine. We are satisfied the evidence warranted the jury in finding the speed of the train at time of accident exceeded the rate as limited by the city ordinance.

It is said on behalf of appellant, even if defendant did so run its train in violation of said ordinance, yet the evidence does not show the accident was the result of such violation, and therefore plaintiff could not legally recover.

Such proof was unnecessary by the very terms of the statute. After reciting that whenever any railroad corporation shall, by itself or agents, run any train at a greater rate of speed in or through the incorporated limits of any city than is permitted by any ordinance of said city, next

follows these words: "Such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine or car, and the same shall be presumed to have been done by the negligence of said corporation or their agents."

The person aggrieved in this case was a child. Edward Gobin, the appellee; he received serious injury to his person and was damaged. There can be no serious doubt that he was so injured and damaged *by defendant's train*, then being run at a rate of speed in violation of the ordinance. Casey, a witness for appellee, saw this train as it passed. He was working at a house in front of which was defendant's track and was fixing a ladder on the side of the house to go up for the purpose of painting. As the last car passed him he heard the cry of the child and went immediately to where it lay, a distance of about one hundred feet, and found appellee with one leg over the rail and the rest of his body outside the rail over which defendant's train had just passed, and the child's leg was crushed and mangled. The fair inference from these facts is, that the train which had just passed injured and damaged appellee. The presumption mentioned in the statute was thus established by the proof, and no countervailing evidence having been introduced, the jury were justified in finding the defendant liable under the first count. It is also urged that the negligence of appellee's mother in failing to care for and prevent the child from getting on defendant's track bars his right to recover. We think the evidence shows she used all the care the law required of her, circumstanced as she was, and also in this case where the suit is brought by the child for his own benefit, and not by the parent, the negligence of the parent can not affect his right to recover. Chicago City Ry. Co. v. Wilcox, 138 Ill. 370. It is further contended that there was no evidence to sustain the charge in the fourth count of negligence, on the part of defendant's servants, in failing to exercise due care and diligence to look out ahead as they were operating said train. If this were so, yet if the negligence charged in the first count was proven, and appellant's

liability established under that count, as we hold was done, the verdict was right.

It was not essential to a recovery that the material averments in more than one count should be proven. But we are not prepared to hold, after examining all the evidence in the record, that there was no evidence to sustain the charge of negligence in the fourth count. The child was evidently on, or near defendant's track as the train approached it, and it was in the daytime, with nothing to obstruct the view of those in charge of the train; hence, the jury might have well doubted that defendant's servants were using care to look ahead, but, on the contrary, were negligent in that regard, or they would have seen the appellee in time to stop the train and avoid the accident. The refusal of the court to give the fourth and fifth instructions for defendant below, is assigned for error. We perceive no error in this ruling of the trial court. The fourth instruction did not announce the law correctly, as applied to the facts in this kind of case. The fifth instruction was properly refused. The jury were fully and fairly instructed upon all the matters of law embraced in that instruction, in the second instruction given for plaintiff. No sufficient reason appearing for reversing the judgment below, it is affirmed.