## William L. Wallen v. Edmund A. Cummings and Margaret Lawrence.

88   45|
88   48|
88   45
a187s451|

1. DAMAGES—*On Appeal Taken for Delay.*—Where an appeal is taken for delay, the Appellate Court has jurisdiction to adjudge statutory damages.

2. DEPOSITIONS—*Signature, When Taken Before the Master.*—When a deposition of a witness is taken before the master and duly certified by him, the signature of the witness is not essential.

**Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

CHARLES PICKLER, attorney for appellant.

ULLMANN & HACKER, attorneys for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a proceeding by bill in chancery to foreclose a trust deed in the nature of a mortgage. Said trust deed conveyed block four in Wallen & Probst's addition, etc. There was a second mortgage upon said block four which also conveyed other property. Mrs. Lawrence, the holder of said second mortgage, is a party defendant in said bill and answered the same. The amount found to be due upon said trust deed is $7,269.30, and upon said second mortgage, $38,811.43.

The "brief and argument" in full filed for appellant is as follows, viz:

### "II.

#### BRIEF.

1. The witness who proved up the claim of Margaret Lawrence did not sign his deposition nor was his signature waived; therefore there is no evidence to sustain the master's findings in favor of Lawrence (p. 71 of record).

2. It was error for the master to report that Margaret Lawrence is entitled to have the amount found due her entered as a lien *in toto* against block four (4) alone when the

evidence shows that it was a lien against six different blocks, five of which were not referred to in the bill (pp. 50, 51, 52, 53 of master's report; pp. 36, 37 of decree).

### III.

#### Argument.

Should the court hold that it was unnecessary to have the depositions signed, then the decree is clearly erroneous, for supposing that Mr. Wallen had wished to have paid the first mortgage he could not have done so without paying the sum found to be due Margaret Lawrence.

The same would be true of any person interested in block four (4).

The decree should be reversed for further proceedings.

Respectfully submitted,

Charles Pickler,

Solicitor for Appellant."

It will be noticed that no objection whatever is made to the decree in so far as it is in favor of, or affects the appellees. No appeal is taken or prosecuted as to any other party. The appeal bond is to, and for the benefit of the appellees only. The recitation in the condition of said bond is that appellees recovered a decree from which an appeal is prosecuted. There is no mention of said Lawrence in the condition of said bond.

There is no merit in the contention that the deposition proving the claim of Mrs. Lawrence was not signed. It is duly certified by the master.

The second objection is also without merit. It does not purport to point out any alleged error by the court below. It refers only to the master. And that reference purporting to state what the master reported is not true.

There can be no question but that this appeal is prosecuted only for delay. A majority of the court are of the opinion that this court has jurisdiction as heretofore held, to adjudge statutory damages. As said in Coats v. Barrett, 49 Ill. App. 275, 277, referring to a statute limited in its terms to the Supreme Court, the "enactment of the legislature, made before the organization of the Appellate Court, is sufficiently broad in its scope and elastic in its terms to include any courts thereafter to be created, and given part

of the functions which were exercised by the Supreme Court when the enactment went into operation." If this be not the correct construction then the purpose of the legislature in creating the Appellate Court is not fully met.

The decree of the Superior Court will be affirmed and a judgment entered against the appellant and in favor of the appellees for the sum of $200 statutory damages, in addition to the costs to be taxed, and the appellees will have execution therefor.

Affirmed.