## Coal Valley Mining Company v. Thomas Haywood.

1. MINES AND MINING—*Negligence in Failing to Use Reasonable Care to Keep Entries Safe.*—Where the general mine manager of a coal mining company fails to do that which he knows to be necessary to support the roof of an entry in the mine, a jury will be justified in finding that the company has failed to use reasonable care and diligence to keep the entries of its mine safe for the use of its employes.

2. PRACTICE—*General Verdict When the Declaration Contains Several Counts.*—In an action for personal injuries, where the declaration contains several counts, a general verdict will be sustained if the proofs are sufficient to sustain any one of such counts.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed October 8, 1901.

JACKSON & HURST, attorneys for appellant.

WELD & OLMSTED, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.
Thomas Haywood, a minor, by Jane Haywood, his mother

and next friend, brought this action to recover damages for injuries alleged to have been sustained by him while in the employ of appellant in its mine. There were four counts in the declaration. The first charged that appellee was employed to drive a mule harnessed to a cart along a certain passage-way in the mine known as number 50, to haul out coal; that it was then appellant's duty to use reasonable care and diligence to keep the entry safe for its employes to work in, and particularly to prop and timber the roof to prevent rock and earth from falling; that appellant neglected to timber, prop and support said roof, though it well knew the same to be unsafe and in a dangerous condition; that appellant negligently removed a certain crosspiece of timber from under the roof of said entry knowing the same to be necessary for the proper support of the roof; that it negligently and carelessly failed and neglected to cause proper and necessary examinations, soundings and tests to be made of the condition of said roof to determine the condition thereof, and carelessly and negligently permitted the same to be and remain in a dangerous and unsafe condition; that by reason of said negligence and carelessness of appellant, a large rock, clod or mass of earth detached itself and fell off and down from the roof of said entry upon appellee, causing the injury complained of. The second count charged that it was the duty of appellant to cause said mine, including said entry No. 50, to be examined by its duly authorized agent every morning to determine whether there were any dangerous accumulations of gas or lack of proper ventilation or obstruction to roadways or any other dangerous conditions there, and that appellee ought not to have been allowed to enter the mine until the examiner had reported all conditions safe for beginning work; that appellant negligently and willfully failed and refused to have the mine examined on the morning of the accident by its authorized agent, and that by reason thereof appellee incurred the injuries mentioned.

The third count was substantially the same as the second, but alleged in addition that appellant willfully failed and

neglected to cause the examiner to make a daily record of the condition of the mine in a book accessible for examination, whereby it was possible for appellee to become advised as to the report of the examiner in reference to the true condition of the mine. The proof wholly failed to support the charges contained in the fourth count and the jury were instructed by the court, upon its own motion, to disregard the same. A plea of not guilty was filed by appellant. There was a verdict and judgment for appellee for $1,800, from which defendant below appeals. The accident by which appellee received the injuries complained of, occurred on June 11, 1897, at which time he was in his eighteenth year. On the day in question appellee had been working in the mine from seven until ten o'clock A. M., when the accident occurred, driving a mule along a track in entry No. 50. It was his duty to hitch the mule to a car, in a room where the miners had loaded it, and haul the same for some distance down a main entry, where several cars would be collected and joined together, and taken out by other persons. Appellee would then take an empty car back to a room where coal was being mined, to be re-loaded. At the time of the accident appellee was coming out with a loaded car. A short distance from the room where the car started the track had a down grade and curved to the right into a main entry known as entry No. 50. There were no lines to guide the mule and the speed of the car was regulated by a brake and a sprag, the latter being a short piece of wood which was thrown or put into the wheel of the car to check it. As he started with his load down the incline, appellee attempted to throw his sprag between the iron spokes of the wheel, but he is not certain whether it went into the wheel or not. He then jumped on the rear end of the car and placed his foot on the brake. He had gone but a short distance when a large rock fell from the roof upon him, pinning him down to the floor of the passage-way, breaking his thigh and otherwise injuring him. The rock was so large and heavy that it took seven men to lift it so that appellee could be removed. Just how the rock happened

to fall from the roof at that time, is not clearly shown. Appellant claims that appellee was negligent in his manner of conducting the car and that he failed to properly put the sprag in the wheel; that as a result the car left the track and knocked out a prop which was standing under one end of the rock. This prop stood about seven inches from the car as it passed upon the track. There was no direct evidence, however, that the car ran off the track at that point. Appellee contends that the accident resulted from appellant's negligence in failing to prop and support the roof at the place in question as it should have been, and the willful neglect of the duly authorized agent of the company to examine entry No. 50 that morning, by reason whereof the dangerous condition of the roof was not discovered. At the place where the accident occurred there was a break or opening through the wall of the entry, causing additional pressure on the props supporting the roof at that point. There had formerly been a cross-piece supported by a prop at the place in question. The floor of the passage, however, had heaved or raised up under the cross-piece, until there was not sufficient room for the mule drawing the car to pass between the floor and the cross-piece. About two weeks before the time in question, the cross-piece had been taken out to make the passage-way higher, leaving only a prop at the side of the track to keep the rock in place. The weight on this prop was so great that it was caused to bend toward the track. Some three or four days before the accident, both appellee and one of the miners informed Charles Rosine, who was track-layer and also the agent of appellant to examine the mine, of the unsafe condition of the roof, and two days before, Haddock, the mine manager, sent Rosine to the place " to timber up if it required it." Rosine testified he could see when he went in that there ought to have been cross-bars there to have made it safe, but that he did not put in a cross-bar because he was alone and could not do it himself. He, however, put in another prop and turned the one that was there so that the bend in it stood away from the

track.  There was a loose rock extending out over the track, part of which rested on the prop.  The place where appellee was injured was a dangerous one and known to appellant to be so, and while it took some steps to support the loose rock it wholly failed to do that which its agent in charge of the matter saw to be necessary to support the roof.  We are therefore of opinion that the proofs were sufficient to justify the jury in finding that appellant had failed to use reasonable care and diligence to keep the entry safe for its employes and to timber, prop and support the roof, as charged in the first count of the declaration, and that the injury was caused by such negligence.

There was evidence tending to support the allegation of the second and third counts of the declaration, but whether or not it was sufficient to establish appellee's case under those counts, it is not necessary for us to consider here, as plaintiff was entitled to recover under the first count.

Where a declaration contains several counts, a general verdict will be sustained if the proofs are sufficient to sustain any one of the counts.  The Pennsylvania Co. v. Backes, 133 Ill. 255; L. & St. L. Con. R. R. Co. v. Gobin, 52 Ill. App. 565.

The judgment of the court below will therefore be affirmed.