## The People, for use of Edward Gobin, v. Thomas May, Jr., et al.

1. BOND—*when clerk accepting insufficient security upon, not personally liable.* Where the clerk of a court, in good faith, without wilfulness, fraud, malice or corruption, used his discretion and judgment in passing upon the sufficiency of the sureties, his act is a judicial or *quasi*-judicial act for which he cannot be held personally liable in case of mistake in the use of such discretion and judgment, however great such mistake may be.

2. BOND—*when clerk accepting insufficient security upon, personally liable.* Where the clerk of a court in passing upon the sureties upon a bond fails to qualify such sureties, as required by court, he is personally liable if he accepts an insufficient bond.

Action of debt upon bond. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907.

JOHNSON, HONTS, MARLATT & HAWES and FRANKLIN A. MCCONAUGHY, for plaintiff in error.

WISE & MCNULTY, for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought in the name of the People of the State of Illinois, for the use of Edward Gobin, a minor, who sues by Elizabeth Gobin, his next friend, upon the official bond of Thomas May, Jr., as clerk of the Circuit Court of St. Clair county.

The declaration charged that said Edward Gobin, a minor, suing by his next friend, recovered judgment against the Louisville, Evansville & St. Louis Consolidated Railroad Co., for $3,000 in the Circuit Court of St. Clair county on April 24, 1893; that from this judgment the railroad company appealed to the Appellate Court for the fourth dis-. trict and entered into a bond with one D. J. Mackey, a nonresident of the State, as sole surety thereon; that by order of the court in said cause, in pursuance of the statute in such

cases made and provided, the said Thomas May, Jr., clerk as aforesaid, was directed to pass upon and approve the sureties tendered upon said appeal bond; that said bond was approved by said clerk and afterwards the judgment of the Circuit Court was affirmed by the Appellate Court, and no further appeal having been taken, said judgment became final on March 23, 1894; that pending said appeal, said railroad company became insolvent and neither said company nor said surety on the bond has ever paid said judgment, but the same has been wholly lost to said Gobin; that prior to bringing this suit, said Gobin attempted to collect his judgment through the remedy offered by the appeal bond, but was unable to realize any part of the same.

The declaration consisted of three counts and the breach of the bond alleged in the first is, that it was the duty of said clerk to make careful inquiry among well-informed business men, residing at Evansville, Indiana, the home of the surety Mackey, to ascertain his financial standing and property qualifications and to use the usual and proper means to ascertain the qualifications of said surety, but that said clerk disregarded such duty and without properly informing himself for the exercise of proper judgment or discretion, in ascertaining the solvency of said Mackey and his sufficiency and qualifications as such surety, carelessly and negligently accepted said Mackey, a non-resident of this State and wholly insufficient as surety on said appeal bond, sole surety thereon, and in disregard of his duties and in violation of the obligations imposed upon him by his official bond, approved said appeal bond with said Mackey as sole surety, without having him qualify and without using proper care and diligence to ascertain his qualifications as such surety.

The second count charged that the court, by its order of record, directed the clerk to qualify the bond and approve it, and it thereby became his duty to qualify the sureties on said bond and to take no surety on said bond who was not financially solvent; that the clerk in utter disregard of his said duty, and without exercising any judgment or discretion as such clerk, to ascertain the solvency of said Mackey

The People v. May.

and his sufficiency as surety, carelessly and negligently took Mackey, who was a non-resident of the State and wholly insolvent, as sole surety, without requiring him to qualify under oath, as such surety; that in utter disregard of his duties as clerk and in violation of the obligation of his official bond, said May did approve said appeal bond with said Mackey, insolvent as aforesaid, as sole surety thereon, without having him qualify, etc.

The third count is substantially the same as the second but alleges as a breach of the condition of the bond, that the clerk well knowing that Mackey was insolvent, a non-resident of the State of Illinois and not a suitable or sufficient surety on said bond, took him as sole surety on said appeal bond. A general demurrer was filed to the declaration and each count thereof, which was sustained by the court below. Plaintiff stood by his declaration and judgment was entered against him for costs. Afterwards plaintiff below sued out a writ of error from this court and brought the judgment of the court below here for review, insisting that the demurrer should have been overruled as to all the counts of the declaration.

The first question which arises on this record is as to whether a clerk who negligently accepts insufficient or inadequate sureties on an appeal bond, when he is directed by the court to approve the sureties, is liable for such negligence to the party injured thereby. Section 68 of our Practice Act (Hurd, 1905) provides for appeals from the trial courts of record to the appellate courts and the filing of appeal bonds "with sufficient security to be approved by the court." Section 69 provides that "the clerk of the court may by order of the court made at the time of praying the appeal and entered of record, approve of the security offered upon such bond and such approval may be made in term time or vacation." Before the enactment of this provision of the statute the Circuit Court had no authority to refer the question of the approval of the security to the clerk, and by it the only question left for the determination of the clerk is the suf-

ficiency of the security offered.    The People v. Leaton, 121 Ill.; 666.

Counsel argue at length the question as to whether the duties of the clerk under this statute are ministerial or judicial and numerous authorities are cited from different States of the Union tending to sustain the opposing claims of the respective parties.    The exact question presented does not appear to have been definitely settled in this State.    Had the sureties on the appeal bond been approved by the trial judge, his act would have been a judicial one for which, if a mistake in judgment was made, no action would lie in favor of the party aggrieved.    Lund v. Hennessey, 67 Ill. App., 233; People v. Suhre, 97 Ill. App., 231.

If when the clerk by virtue of the statute and the order of the court, approves the sureties, he does a judicial act, then he is not liable for any mistake in judgment.    His passing upon the question of sureties is, in the case of The People v. Leaton, *supra*, called "his judgment" upon that question. We are of opinion from a consideration of numerous authorities, that if the clerk, in good faith, without wilfulness, fraud, malice or corruption used his discretion and judgment in passing upon the sufficiency of the sureties his act is a judicial or *quasi*-judicial act for which he cannot be held personally liable, in case of mistake in the use of such discretion and judgment, however great such mistake may be.

The demurrer was properly sustained to the first count of the declaration, for the reason that notwithstanding the fact that the clerk did not make inquiry among the business men of Evansville in regard to Mackey's financial standing, nor require him to qualify as surety nor use what the pleader might consider the usual and proper means to ascertain his qualifications as surety, yet for all that the clerk may in good faith and without wilfulness, fraud, malice or corruption have passed upon the question of the sufficiency of the surety and for commendable reasons satisfactory to himself, determined that the surety was sufficient.

The second count differed from the first in that it alleged it was the duty of the clerk to qualify the sureties on the

bond but that he failed to do so and took Mackey who was insolvent as sole surety, without requiring him to qualify. The official bond, of the clerk, which is sued on in this case, provides that "The condition of the above bond is such that if the above bounden, Thomas May, Jr., shall faithfully perform all the duties required or to be required of him by law, as such clerk of the Circuit Court of said county of St. Clair and shall pay over all moneys that may come into his hands by virtue of his office  *  *  *  then this obligation to be void, otherwise to remain in full force and virtue."   One of the duties required of him by law as clerk was to faithfully comply with the orders of the court in the transaction of business lawfully imposed upon him by the court. The order of the court in this case required him as alleged in this count of the declaration, to qualify the bond.   This, it is alleged, he did not do and by reason of such failure an insolvent surety was accepted upon the bond.   This was not a question of the exercise of judgment or discretion, but an absolute failure to comply with the order of the court in the taking of the appeal bond.   It was therefore a breach of his official duty for which suit will lie upon his bond in favor of the party injured, and the demurrer to this count of the declaration should have been overruled.

The third count charged that the clerk knowingly accepted an insufficient surety.   This was plainly a charge of a wilful violation of his official duties, which is not concerned with the question of either judgment or discretion.   This count stated a good cause of action and the court erred in sustaining a demurrer thereto.

For the errors above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*