The People, for use of Edward Gobin, Plaintiff in Error, v. Thomas May, Jr., et al., Defendants in Error.

1. BONDS—*when clerk approving, acts judicially.* The clerk of the Circuit Court in approving sureties upon an appeal bond when directed to do so by the court, acts judicially or *quasi* judicially.

2. BONDS—*when clerk not liable for acceptance of insufficient sureties.* The clerk of the Circuit Court in accepting sureties upon an appeal bond when directed by the court under the statute to pass upon the sureties that might be tendered, is not personally liable for accepting insufficient or insolvent sureties even though he may act negligently. In order to fasten personal liability upon him it must be established that his act was maliciously and wilfully wrong.

Action of debt. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

C. H. BURTON, for plaintiff in error.

WISE, KEEFE & WHEELER, for defendants in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is the second judgment in this cause that the plaintiff in error has brought here for review from the lower court. The case as it appeared here before is well stated by Mr. Justice Higbee in 133 Ill. App. 139.

After this cause was reversed and remanded by this

court the plaintiff filed an amended declaration of one count only, which is identical with the first count of the declaration described in Judge Higbee's opinion above cited. To this amended declaration a general demurrer was filed by the defendants, and was sustained and judgment was rendered thereon by the court for costs and in bar of the action, the plaintiff electing to stand by his declaration.

The sole question for our determination is, as to whether or not a circuit clerk who negligently accepts insufficient sureties on an appeal bond when directed by the court under the statute to approve such sureties, is liable to the party injured by reason of such negligence.

"Official action is judicial when it is the result of judgment or discretion. * * * An officer will be regarded as being clothed with judicial or quasi-judicial functions, when the powers confided to him are so far discretionary that he can exercise or withhold them according to his own judgment as to what is necessary and proper. * * * Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion." The People v. Bartels, 138 Ill. 322.

There is no claim that the clerk accepted bond in a less sum than that fixed by the court; but the exact claim is that he negligently accepted an insolvent surety, and that therefore the appeal bond was worthless. When tested by the rules laid down by the Supreme Court above quoted, and by all the other authorities on this subject that we have been able to examine we are compelled to say that the duty of the clerk in the particular named was judicial or quasi-judicial, and we are unable to recede from our former holding in this case. Moreover, our Supreme Court say in speaking of this very duty of the clerk, that is, the

acts to be performed by him, that they require the exercise of judgment and discretion, and are in their nature judicial. It is true that the clerk in performing these duties is not a judge of a court within the meaning of our Constitution, but nevertheless such acts are quasi-judicial acts. Owners of Land v. The People, 113 Ill. 296; The People v. Leaton, 121 Ill. 666.

Such acts and similar acts have been repeatedly held as quasi-judicial acts, and that officers performing them are not responsible to any one receiving an injury thereby, unless they act maliciously and wilfully wrong. The People v. Percells, 3 Gilman 60; M'Allister's Admrs. v. Scrice, 7 Yerger (Tenn.) 277; Amperse v. Winslow, 75 Mich. 234; Reed v. Conway, 20 Mo. 22; Schoettgen v. Wilson, 48 Mo. 253; Edwards v. Ferguson, 73 Mo. 686; Jenkins v. Waldron, 11 Johns. (N. Y.) 114; Rail v. Potts and Baker, 8 Hum. (Tenn.) 225; Walker v. Hallock, 32 Ind. 239; Porter v. Haight, 45 Cal. 631; City of Chicago v. Seben, 165 Ill. 371; Porter v. R. R. I. & St. L. R. R. Co., 76 Ill. 561; Kerr v. Russell, 69 Ill. 666.

To say that such acts when performed by the judge are judicial acts, but when performed by the clerk are ministerial acts, simply, and give a right of action to one injured thereby, would be imposing a very great hardship upon him without reason or apparent justice. If he should refuse to approve the surety and the other party should be injured thereby, he would also have a right of action if he could establish negligence, if the plaintiff's position is correct.

The judgment of the lower court is right and therefore it is affirmed.

*Affirmed.*