## The People of the State of Illinois for use of Edward Gobin, by Elizabeth Gobin, Appellee, v. Thomas May, Jr., et al., Appellants.

1. BONDS, § 11*—*what constitutes a statutory surety bond.* A statutory bond signed only by a nonresident surety is not a bond with security.

2. CLERKS OF COURTS, § 6*—*when order confers no authority to approve a nonresident surety on appeal bond.* The order of a judge of the Circuit Court fixing the amount of an appeal bond "with surety to be approved by the clerk of said court" is equivalent to an order authorizing the clerk to approve a surety resident in this State, or authorized by statute to become such surety, and confers no authority to approve a nonresident surety.

3. CLERKS OF COURTS, § 6*—*what constitutes breach of official duty by Circuit Court clerk.* The action of a clerk of the Circuit Court in approving an appeal bond signed only by a nonresident surety is a breach of official duty, although the order of the judge fixing the amount of the bond provided that it should be "with surety to be approved by the clerk of said court."

4. CLERKS OF COURTS, § 6*—*what is nature of duty of clerk of Circuit Court in approving surety on appeal bond.* The duty of a clerk of the Circuit Court in approving the surety on an appeal bond is ministerial, although in performing such duty the clerk may be required to ascertain whether the proposed surety is a resident of this State.

5. VENUE, § 21*—*when verification of petition for change of venue insufficient.* A petition for a change of venue signed by several defendants but verified by but one of them is insufficient under section 3 of the Venue Act (J. & A. ¶ 11,489), requiring that every such petition "shall be verified by the affidavit of the applicant."

6. PLEADING, § 45*—*when addition of different causes of action does not affect declaration.* The fact that other and different causes of action may have been added to a declaration will not disturb any good and sufficient cause of action originally stated and adhered to and not abandoned.

7. LIMITATION OF ACTIONS, § 20*—*when action against Circuit Court clerk for negligence in approving surety on appeal bond accrues.* An action against a clerk of the Circuit Court for negligently approving an improper surety on an appeal bond accrues when the judgment of the Appellate Court affirming the judgment appealed from is made final.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCVIII 40

8. COURTS, § 79*—*when Appellate Court may not consider juris-diction of Supreme Court on review.* The question whether the Su-preme Court has jurisdiction to review on certiorari a judgment of the Appellate Court is not a proper matter of consideration for the latter court.

9. EVIDENCE, § 241*—*when copies of bonds of Circuit Court clerks deposited with Secretary of State admissible.* Section 7 of the Sec-retary of State Act (J. & A. ¶ 10,541), providing that "copies of all bonds, papers, writings and documents, legally deposited in the office of the Governor or Secretary of State, when certified by the Secre-tary of State and authenticated by the seal of his office, shall be re-ceived in evidence in the same manner and with like effect as the original," is broad enough to permit copies of bonds of Circuit Court clerks deposited with the Secretary of State to be received in evi-dence the same as the original when authenticated by the seal of the office of the secretary.

10. EVIDENCE, § 241*—*what is basis for rule for admission of au-thenticated copies of bonds filed with Secretary of State.* One of the objects of section 7 of the Secretary of State Act (J. & A. ¶ 10,541), providing for the admission in evidence of authenticated copies of bonds deposited with the Governor or Secretary of State with like effect as the originals, is to safeguard the bonds by keeping them on file in the office of the secretary and to obviate the necessity of re-moving them to be used as evidence upon the trial of cases whereby they might become lost or misplaced.

11. JUDGMENT, § 170*—*when not reversed for informalities.* A judgment will not be reversed for informalities not essential to its validity if it contains all the necessary elements of a valid judg-ment.

12. PROCESS, § 86*—*when amendment of summons may be made.* The amendment of a summons by increasing the amount of the *ad damnum* is of form and not of substance and may be made at any time, even after verdict.

13. APPEAL AND ERROR, § 1575*—*when rendition of judgment for amount greater than ad damnum stated in summons harmless error.* A judgment will not be reversed because it is for an amount greater than the *ad damnum* stated in the summons where at the time of filing the summons the amount of the *ad damnum* was sufficient to cover plaintiff's claim as it then stood, the excess being interest ac-cruing in the meantime, and where the fact was not called to the at-tention of the trial court, it being presumed that the trial court would readily have granted an amendment to cure the defect.

Appeal from the City Court of East St. Louis; the Hon. WILLIAM

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

M. Vandeventer, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

Charles P. Wise and Fred B. Merrills, for appellants.

C. H. Burton, for appellees.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This case, which in different phases, has been twice in this court before, arises out of the following facts and circumstances: On November 4, 1890, Edward Gobin, a child between five and six years of age, was injured by an engine of the Louisville, Evansville & St. Louis Consolidated Railroad Company in East St. Louis. On June 1, 1893, he obtained a judgment against said railroad company for $3,000. An appeal was prayed from this judgment to the Appellate Court and the bond was fixed by the court at $3,500 with "surety to be approved by the clerk of said court." Thomas May, Jr., was clerk of the court and approved the bond with D. J. Mackey, the president of the railroad referred to, and a nonresident of Illinois, as sole surety. Appellee's judgment was affirmed against the railroad by the Appellate Court on March 23, 1894. [See 52 Ill. App. 565.] During the pendency of the appeal, the railroad company became insolvent and went into the hands of receivers. A petition was filed for Edward Gobin in the United States court in an attempt to have the judgment paid out of the property of the railroad company in the hands of the receivers but the same was denied and the petition dismissed. On February 22, 1897, judgment was obtained against said D. J. Mackey as surety on the appeal bond at his place of residence, Evansville, Indiana, and execution was afterwards issued thereon and returned unsatisfied, there being "no property found" upon which levy

could be made. On November 20, 1900, suit was commenced against said Thomas May, Jr. and Thomas Burke, Joseph A. Kurrus and Albert M. Meints, the bondsmen, on his official bond as clerk of the Circuit Court, by appellee, to recover damages for the failure of duty by the clerk in approving the bond. That suit was dismissed February 7, 1903. On February 12, 1904, this suit was begun between the same parties as the one last referred to and for the same purpose, in the City Court of East St. Louis. A demurrer was filed to the declaration and sustained. An amended declaration was then filed to which a demurrer was also sustained. Appellee elected to abide the declaration and judgment was entered against him for costs. On appeal to this court it was held that the declaration stated a cause of action and the judgment of the trial court was reversed and the cause remanded. *People for use of Gobin v. May*, 133 Ill. App. 139. The declaration to which the demurrer had been sustained contained three counts, which are recited at some length in the opinion. This court there held that the demurrer was properly sustained as to the first count but should have been overruled as to the second and third. The second count above referred to had alleged that the clerk took Mackey, who was a nonresident of the State and wholly insolvent, as sole surety without requiring him to qualify as surety and in utter disregard of his duties as clerk, and the third count was substantially the same, but alleged that the clerk well knowing that Mackey was insolvent and a nonresident of the State of Illinois and not a suitable or sufficient surety took him as sole surety on said appeal bond. After the case was redocketed in the City Court, appellee withdrew the second and third counts and filed an amended declaration containing only one count. A demurrer was again sustained to this declaration, appellee abided by the declaration and judgment was entered against him for costs and in bar of his action.

Appellee again appealed his case to this court which affirmed the judgment of the court below, holding the one count to be identical with the first count of the former declaration, which had not been approved. *People for use of Gobin v. May,* 158 Ill. App. 596. Thereafter, the Supreme Court on petition of appellee granted a writ of certiorari, reviewed the case, reversed the judgment of the Appellate and City Courts and remanded the case. *People v. May,* 251 Ill. 54. That court in its opinion states: ''The single count of the amended declaration did not aver that the surety, at the time he was accepted, was insolvent or had not property of such value that he could be compelled to respond to the amount of the bond, but the averment is that the clerk did not make due inquiry and use proper means to ascertain the qualification and financial standing of the surety and to ascertain the amount of his property, and that without properly informing himself he 'carelessly and negligently accepted the said D. J. Mackey, a nonresident of the State of Illinois, as aforesaid, and wholly insufficient as surety upon said appeal bond, as sole surety thereon.' The insufficiency of the surety therefore seems to be based, not upon his want of property, but upon his nonresidence.'' It was there also held that: ''So far as the courts of this State are concerned, a bond signed only by a nonresident surety is not a bond with security. The order of the court to the clerk to approve the security offered on the bond was equivalent to an order authorizing the clerk to approve a surety resident in this State or authorized by statute to be a surety upon such bond. The order conferred no authority upon the clerk to approve a nonresident surety, and his act in doing so was a breach of his official duty.  *  *  * The question committed to the judgment of the clerk was the sufficiency of the security. The law, as we have held, required the surety to be a resident of the State. As to this requirement there was no discretion.

The duty of the clerk was fixed and certain, and was therefore ministerial. * * * The fact that the clerk may be required to ascertain whether the proposed surety is a resident of the State does not affect the ministerial nature of his duty."

After the case was redocketed in the City Court it came to trial on the amended declaration filed October 19, 1914. In this declaration the breach of duty relied on is the same as in the first count of the first declaration demurred to and the only count reviewed by the Supreme Court, that is to say, that the clerk unlawfully and in disregard of his duty approved said appeal bond with D. J. Mackey, a nonresident, as the sole surety. During the course of the litigation and prior to the last trial, Thomas Burke, one of the bondsmen, died and Albert Meints, another bondsman, became bankrupt and received his discharge. The jury found the issues for appellee and that the amount of the bond and debt was $10,000. They further found the amount of damages sustained by appellee against the appellants Thomas May, Jr. and Joseph A. Kurrus to be $6,269.58.

Appellants complain that a petition for a change of venue filed by them was not granted. The petition asked for a change of venue pursuant to the statute, on account of the prejudice of William M. Vandeventer and Robert H. Flannigan, judges of the City Court. The petition was signed by appellants, Thomas May, Jr. and Joseph A. Kurrus, also the bondsman Albert M. Meints, by Fred B. Merrills, their attorney, shortly prior to the discharge of the last-named bondsman in bankruptcy. It purports to have been made by Thomas May, Jr. on behalf of himself and his codefendants Kurrus and Meints and is sworn to by May alone. It does not state that it is made at the request of Kurrus and Meints or with their knowledge or consent. Section 3 of the Venue Act (J. & A. ¶ 11,489) provides: "Every application for a change of venue shall be by

petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant.''

In *Eddleman v. Union County Traction Co.*, 217 Ill. 409, which was a condemnation proceeding, it was held that a petition for a change of venue upon the alleged ground that the judge was prejudiced was properly denied, where only a part of the defendants joined in the petition and the same was not sworn to by one of two defendants who signed it. In *Gourley v. Pierce*, 182 Ill. App. 609, it was held in a bill to contest a will that an application for a change of venue by one complainant when not joined in or consented to by the other complainants was properly denied. In *Tanner v. Clapp*, 139 Ill. App. 353, which was a suit in assumpsit, a petition for a change of venue, which stated that the application was made with the consent and on behalf of all the defendants, but which was signed and verified by the defendant only, was held to be insufficient. In view of these authorities, we are of opinion that the court properly refused the petition for a change of venue from the judges of the City Court in this case.

It is earnestly insisted by appellants that this suit was barred by the statute of limitations. The suit which is now pending on this appeal was commenced February 12, 1904, and the judgment of the Circuit Court of St. Clair county, from which the appeal in the original damage suit was taken, was affirmed in the Appellate Court, and made final March 23, 1894. We are of opinion that the cause of action accrued against appellees on the official bond of Mr. May as clerk of the Circuit Court on the date of the affirmance of such judgment. Ten years had not elapsed between the date of the affirmance of the judgment and the commencement of this suit, and unless the original cause of action has been replaced by another and different cause since the commencement of the suit, the statute

of limitations has not run. While other and different
causes may have been added to the declaration, this
would not disturb any good and sufficient cause origi-
nally stated and not abandoned but still adhered to.
On the first appeal from the original declaration, this
court passed upon the sufficiency of the three counts,
holding the first count bad and the other two good. On
the second appeal we held that the single count there
considered was identical with the first count in the
declaration on the former appeal, which we had held
bad, and the Supreme Court in its opinion in this case
above referred to, states in reviewing the declaration:
"The insufficiency of the surety, therefore, seems to
be based not upon his want of property but his non-
residence." In the declaration as it now stands on
this appeal, it is charged that the said clerk unlaw-
fully and in utter disregard of his duty did approve
said Mackey as sole surety upon said bond and that said
Mackey was then a nonresident of the State of Illi-
nois. It is apparent therefore from the pleadings that
the approval by the clerk, of Mackey, who was a non-
resident of the State of Illinois, as sole surety on the
bond, was charged in each of the declarations and this
charge the Supreme Court holds was a good cause
of action. Appellants contend, however, that as the
bond was approved June 1, 1893, the cause of action
then accrued, the statute of limitations then began to
run, and as a consequence the ten-year limitation had
expired before this action was commenced. But it
must be borne in mind that this suit is for damages
occasioned to appellee by the unlawful act of the clerk
in approving the appeal bond. Had appellee lost his
suit on appeal, he would not have been injured and
could not have sustained an action notwithstanding the
fact that the act of the clerk in approving the bond was
illegal, but it was not until he obtained his final judg-
ment that his rights became fixed and his right of ac-
tion accrued. If it could properly be held that the

right of action in such a case accrues when the bond is approved, then it might also happen that an appellee's rights would not be fully determined until after the expiration of ten years from the illegal approval of the appeal bond, under which circumstances such an appellee would have no right to bring suit against the clerk for his illegal action, and the purpose for which such bond is required by law would be defeated. We conclude that it must, therefore, be held in reason that appellee's right of action accrued when his judgment was made final, which was March 23, 1894, and that the statute of limitations did not run against this suit.

Appellant calls in question the right of the Supreme Court to review this case when it was before that body, because as it is claimed the court did not have jurisdiction. Whether or not that court had jurisdiction of the case on certiorari is not a proper matter of consideration for this court, but, if it were, it only need be said in answer to this claim that on a motion filed in the Supreme Court, asking that the final order in this case be recalled, the judgment vacated and the opinion above referred to (251 Ill. 54) be expunged from the record and the remanding order recalled. The court denied the motion, holding that the case was one of which the court had jurisdiction of the subject-matter and that its judgment was final between the parties in this case. Over appellants' objection, appellee was permitted to introduce in evidence a copy of the bond sued on, certified to by the Secretary of State. Appellants insist that the failure to introduce the bond itself leaves nothing on which to base the judgment, as the copy was insufficient. Section 4 of chapter 25 of our Revised Statutes (J. & A. ¶ 2129) requires that the bond of a clerk of the Circuit Court shall be filed in the office of the Secretary of State. It is provided by section 7, ch. 124, of our Revised Statutes (J. & A. ¶ 10,541) that: "Copies of all bonds, papers, writings and documents, legally deposited

in the office of the Governor or Secretary of State, when certified by the Secretary of State and authenticated by the seal of his office, shall be received in evidence in the same manner and with like effect as the originals.'' It appears to us that this section is sufficiently broad to permit copies of bonds of circuit clerks deposited with the Secretary of State to be received in evidence the same as the original when authenticated by the seal of the office of the secretary. This is the plain language of the statute, and we know of no reason why it should be departed from. Counsel for appellants state that appellee could easily have brought the Secretary of State or one of his deputies with the original instrument to be introduced on the trial. It is evident, however, that one of the objects of the law is to safeguard these bonds by keeping them on file in the office of the Secretary of State, and to obviate the necessity of removing them to be used as evidence upon the trial of cases and thereby possibly become lost or misplaced. The court below properly permitted the duly certified copy of the bond in question to be introduced in evidence and, when so introduced, it was properly received with like effect as if it had been the original.

Complaint is made by appellants of the form of the judgment entered in this cause which is as follows: ''It is therefore considered and adjudged by the court that the plaintiff have and recover of defendants Thomas May, Jr. and Joseph Kurrus the said sum of six thousand two hundred sixty nine dollars and fifty eight cents ($6,269.58), together with the costs by him in this behalf expended, and that execution issue therefor.'' While it would have been proper for the court to have followed more in detail the form of the verdict above referred to, yet this judgment shows the relief granted, in whose favor and against whom, the amount of the judgment and that it was rendered by the court. It therefore contains all the necessary elements for a valid judgment and should not be reversed for infor-

malities not essential to its validity. *Coats v. Barrett,*
49 Ill. App. 275; *Minkhart v. Hankler,* 19 Ill. 47.

Complaint is also made by appellants of the ruling
of the court in regard to the instructions. The instruc-
tions given for appellee were not intricate or involved,
and appear to state plainly the law in harmony with the
holding of the Supreme Court in its opinion in regard
to this case above referred to, while the instructions
refused on the part of appellants either trans-
gressed the law as there stated or were not in con-
formity with other rules of law, most of which have
been heretofore discussed in this opinion. It is a con-
tention that improper remarks prejudicial to appel-
lants were made by the court in the course of the trial
and that counsel for appellee made improper and un-
fair arguments to the jury, not supported by the evi-
dence. A considerable portion of the briefs of both
appellants and appellee are devoted to this question,
but a consideration of all the statements referred to
leads us to the conclusion that while hasty remarks
may have been made by the court and counsel in the
course of the trial, there was nothing said that could
have prejudiced the jury in the finding of their verdict
or could warrant the granting of a new trial on that
account.

One of the reasons for a new trial assigned in the
motion by appellants in the trial court was that the
damages assessed by the jury exceeded the *ad dam-
num.* The writ of summons issued stated the debt
under the bond at $10,000, and claimed damages in the
sum of $5,000. The declaration upon which the case
was tried placed the damages at $10,000. It is claimed
by appellants with considerable force that the fixing of
the larger amount in the declaration is not sufficient
but that in order to save the judgment the summons
should have been amended. The statement in the mo-
tion for a new trial was, "The damages assessed by
the jury exceed the *ad damnum.*" Whether or not

this was intended to refer to the *ad damnum* of the declaration or of the summons does not appear. As a matter of fact at the time the summons was filed the damages laid would have been sufficient to cover the judgment obtained by appellee for his injuries, together with interest thereon to that date, but the excess over the amount stated in the summons was caused by the accumulation of interest up to the time of judgment in this case. If the attention of the court below had been called to the fact that the judgment exceeded the amount of damages stated in the summons, it must be presumed that an amendment would have been readily granted as such an amendment is one of form rather than substance and could have been made on the moment, even after verdict. In view of the fact that the declaration upon which the case was tried stated a sufficient amount in the *ad damnum* to more than cover the amount of the recovery, and as the objection does not go to any matter of substance but to a mere formality so far as this case is concerned, we are of opinion that the failure to amend the summons in the particular named should not work a reversal of the judgment. In accordance with the views above expressed, the judgment of the court below will be affirmed.

*Affirmed.*