Hemphill, C. J.
This was a proceeding in attachment and the judgment of the court below is sought to be reversed on various grounds.
Among the errors vitiating the case it is assigned that there was no petition filed at the commencement of the suit.
On examination of the record a paper is found purporting to be a petition in the usual form and with averments appropriate to the cause of action; but this is charged to have been surreptitiously introduced in a subsequent stage of the proceedings without the knowledge or sanction of the court and without being filed by its proper officer. There are several circumstances apparent on the record and in the paper itself, which raise a strong presumption of its fabrication posterior to the initiatory proceedings in the case. It does not occupy in the transcript the customary and proper position of a petition, viz.: that of being preliminary to all other acts in the cause, but stealthily glides into view and claims admission after the affidavit, bond and writ have been placed on the record. There is internal evidence of its being drawn after the beginning of the suit. Instead of praying for process in attachment, it alleges that the plaintiff “ has sued out and obtained an attachment for said sum of money, returnable into this court; ” thereby in express terms averring that the writ of attachment had already issued.
And finally, the paper not being marked “filed,” wants the evidence of legitimacy, always to be impressed on the papei’S offered by the parties in a cause, and which in transcripts is rarely wanting *(14) to a document so important as the petition of the plaintiff. It is the clerk’s official duty to file the paper in a case, and in milking up transcripts for this court, to copy the statement of their being filed; and a neglect of this duty will not be presumed unless on satisfactory evidence of the fact. No reference is had in any stage of the proceedings to the petition, from which a knowledge by the court of the paper might be implied. From these circumstances the conclusion is attained that this pretended petition was not framed until after the commencement of the action; that it was not filed, and is in fact extraneous to the cause.
The action having been commenced without a petition precedent to, or concurrent With.the suit, as required by law, and in conformity with the decision of the late court in the case of Fowler v. Poor, Dali. Dig. p. 401, the whole proceeding in this case must be treated as a nullity and the entire cause dismissed.
The remedy by attachment, while necessary to secure the right of the creditor, is oppressive on the debtor; and as against the plaintiff has invariably in this country been subjected to rigid rules of construction. It is summary in its action, and the plaintiff on whom it confers advantages so signal must comply with all the incidents pertaining to this stringent mode of redress. Nuguet v. Nixon, Gregg v. York and Chambers v. Sydnor.
From the view taken by the court of the error, for want of a petition, it will be unnecessary to examine the other grounds for reversal urged by the appellant.
Before closing this opinion we would remind the clerks of their duty to make out correct records in every cause adjudicated in tfieir courts. In their transcripts they should furnish an accurate historical account in due order of time, of all the acts in the cause, together with all the papers, exhibits, depositions and other proceedings necessary to a hearing in this court. All papers and pleadings prosecuted by the parties should be marked “filed” with the date of the filing; and this should be transcribed as an essential portion of the history of the case. A paper not pleaded does not belong to the case, and is not to be copied in that transcript. We call the attention of suitors to the necessity of furnishing correct transcripts, as a rigid scrutiny and practice in relation to the papers properly before the court for consideration may possibly be adopted at some early period for the future.
It is ordered, adjudged and decreed that the judgment of the court below be reversed, and the cause dismissed at the costs of the appellee.
Note by the Chief Justice. The paper, purporting to he a peiition, was signed Buckley & Sullivan for plaintiff. In the argument it was stated that neither *(15) Mr. Buckley nor Mr. Sullivan had any knowledge of the paper. After the delivery of the opinion, Mr. Buckley, in open court for himself and Mr. Sullivan, disclaimed all knowledge of the paper, or that the same was by their act, consent or participation introduced into the court, or among the papers of the cause.