GEO. W. WHITLEY v. ANDREW JACKSON.

(No. 1359, Op. Book No. 3, p. 403.)

APPEAL from Anderson County.  Opinion by WILL-SON, J.

§ 574. *Attachment bond; condition as to costs.*  The attachment bond in this case was quashed in the court below.  It was conditioned that the "plaintiff will prosecute his suit with effect, and that he will pay such damages as shall be adjudged against him for wrongfully suing out said attachment."  *Held*, the bond is not conditioned as the law requires.  The word "costs," used in the statute, is omitted.  [R. S. 156–158.]  This is a substantial and fatal omission, and the bond was properly quashed.

§ 575. *New attachment bond cannot be allowed.*  The plaintiff undertook to obviate the defect in his attachment bond by filing, before the motion to quash was acted upon, a bond for costs.  This was not permissible.  Attachment laws and the proceedings under them are to be strictly and rigidly construed as against the plaintiff in attachment, and it has been the uniform practice in this state to exact of a plaintiff in attachment a strict and literal compliance with the requirements of the statute.  [Sloo v. Powell, Dallam, 469; Sydnor v. Chambers, id. 604; Wooster v. McGee, 1 Tex. 17; Caldwell v. Haley, 3 Tex. 317; Givens v. Taylor, 6 Tex. 320; Chevallier v. Williams, 2 Tex. 243.]

§ 576. *Pleadings in justice's court are oral, except, etc.; same rule governs on appeal, etc.; plea of payment, etc.*  In cases originating in justices' courts the pleadings of the parties, except certain defenses which are specified, are not required to be in writing.  The plea of payment or settlement is not required to be made in writing, but may be oral.  [R. S. 1573, 1574.]  The same rule governs when the case is taken to the county court. [Henry v. Blasco, *ante*, p. 420.]  This was a suit in jus-

tice's court upon an account. Defendant pleaded a counterclaim. Plaintiff, to rebut the counterclaim, filed another account as a payment or settlement of defendant's account. The county court rejected evidence offered by plaintiff to prove payment or settlement of defendant's counterclaim, upon the ground that plaintiff had not pleaded the same in writing. *Held* error.

October 21, 1882.                     Reversed and remanded.