A. HEATER v. JAMES W. PEARCE ET AL.

FILED JANUARY 24, 1900.  No. 9,096.

1. Officers: FAILURE TO APPROVE STAY BOND. An officer, charged with approval of stay bonds, who does not comply with the statutory requirements, is guilty of a breach of official duty.

2. ———: ———: ACTION ON BOND. In such case the judgment creditor may maintain an action against such officer on his official bond for the recovery of such damages as he may have sustained.

3. ———: STAY BOND: LIABILITY OF SURETIES. Sureties on a stay bond can not, in an action against them on such bond, plead their lack of legal qualification to become sureties on such bond.

4. ———: ACTION ON BOND: DAMAGES. In an action against an officer on his official bond for damages for wrongfully approving a stay bond, where no actual damage is proved, the plaintiff is entitled to a judgment for nominal damages and costs.

5. **Nominal Damages:** HARMLESS ERROR. The failure to award nominal damages is not reversible error, where it does not affect a substantial right or entitle the plaintiff to costs.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J.  *Reversed.*

*Daniel F. Osgood* and *R. D. Sutherland,* for plaintiff in error.

*H. H. Mauck, 'S. A. Searle* and *G. W. Stubbs, contra.*

SULLIVAN, J.

The plaintiff, A. Heater, being the assignee and owner of a judgment recovered by Heater & Keim against F. P. Bonnell for $344.15, instituted this action against the defendants in error as sureties on the official bond of James W. Pearce, who was clerk of the district court of Nuckolls county during a portion of the year 1890. The action was grounded on the alleged misconduct of Pearce in approving an undertaking given to stay the execution of said judgment. A trial of the cause resulted in a decision in favor of the defendants. The plaintiff brings the record here for review.

The principal defense to the action was that one of the sureties on the stay bond was insolvent, and was not a freeholder, and that, therefore, the right to enforce the judgment against Bonnell by execution was never suspended. With certain exceptions, not necessary to be here noticed, the statute gives a stay of execution on all judgments for the recovery of money only, in case the defendant "shall, within twenty days from the rendition of judgment, procure two or more sufficient freehold sureties to enter into a bond, acknowledging themselves security for the defendant for the payment of the judgment, interest and costs from the time of rendering the judgment until paid." See Code of Civil Procedure, sec. 477c. Section 477d of the Code of Civil Procedure is as follows: "Officers approving stay bonds shall require

affidavits of the signers of such bonds that they own real estate not exempt from execution, and aside from incumbrance, to the value of twice the amount of the judgment." Without complying with the requirements of this section, Pearce approved the stay bond tendered in behalf of Bonnell. In doing so he was, we think, clearly guilty of a breach of official duty due from him to the plaintiff. The bond was in due form; it was signed by the requisite number of sureties, and was apparently effective to prevent the collection of the judgment by execution or otherwise. That there was a defect in the proceeding which would have entitled the plaintiff to an order quashing it, was not disclosed by the record. It was the duty of the clerk to ascertain, in the mode prescribed by the statute, whether the sureties on the undertaking were sufficient sureties, and whether they were freeholders of Nuckolls county. The judgment plaintiff was justified in assuming that this duty had been performed and that the proceeding was operative. That the plaintiff was, by the official misconduct of Pearce, prevented from issuing execution at once to enforce his judgment against Bonnell, seems to us hardly debatable. The proceeding to obtain a stay was not void; it was merely irregular, and, therefore, capable of amendment. See *State v. Russell,* 17 Nebr., 201. By it Bonnell lost the right of appeal; and his sureties could not, of course, plead their lack of qualifications as a defense to an action against them on the bond. It has often been held that a strict compliance with the law is necessary to entitle a judgment defendant to a stay of execution, but we know of no case holding that a stay bond, in due form, is void and incapable of producing any legal result because one of the sureties did not, at the time of the signing, possess the kind or quantity of property required by the statute. Discussing a similar question, Sanderson, J., in *Murdock v. Brooks,* 38 Cal., 596, said: "Whether the undertaking was accompanied by the affidavit of the sureties does not appear upon the

face of the complaint, but it does appear from the facts there stated that further proceedings were never taken upon the judgment, and that Brooks had the full benefit of a stay pending his appeal. Such being the case, can he or his sureties be heard to say that the undertaking is void because all the forms of the statute, through their omission, were not complied with? It seems to be settled that the failure of the sureties to justify, if such was the case, constitutes no defense. This rule is deduced from the proposition, which no one disputes, that a party may waive a compliance with statutory conditions which are merely directory and intended solely for his benefit. The provisions of the statute which require the residence and occupation of the sureties to be stated, the penalty of the undertaking to be double the amount of the judgment, and the affidavit of the sureties that they are worth the amount specified in the undertaking over and above all their just debts and liabilities, exclusive of property exempt from execution, are directory, and a compliance therewith may be waived by the respondent either expressly or impliedly by failing to take any advantage of their non-observance and treating and accepting the undertaking as sufficient." We entertain no doubt that the act of Pearce in approving the stay bond was a breach of official duty, for the consequences of which his sureties must answer. See extended note to *Babcock v. Carter*, an Alabama case, reported in 67 Am. St. Rep., 193. But it is contended that plaintiff has not been damaged, because Bonnell was insolvent, and had no property which might have been reached by execution or other process at any time after the judgment was recovered. The general finding of the court in favor of the defendants includes, doubtless, a finding that no actual damage resulted from the wrongful act of Pearce; but we think, nevertheless, that the plaintiff was entitled to a judgment for nominal damages and costs. It has been sometimes said that the failure to award nominal damages is not reversible error, because it does not af-

fect a substantial right.   But the rule is otherwise where a judgment for such damages will result in the establishment or preservation of some right, or will entitle the plaintiff to costs.   See 1 Sutherland, Damages [1st ed.], p. 13; *Kenyon v. Western Union Telegraph Co.*, 100 Cal., 454; 8 Am. & Eng. Ency. Law [2d ed.], 558 and cases in note 2.   The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.