THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* THOMAS MAY, JR., *et al.* Defendants in Error.

*Opinion filed June 20, 1911—Rehearing denied October 6, 1911.*

1. PRACTICE—*surety on appeal bond must be a resident of the State.* While it is not· so expressly provided in the Practice act, yet it was manifestly·intended that the surety on an appeal bond must be a resident of Illinois, and, so far as the courts of Illinois are concerned, an appeal bond signed only by a non-resident surety is not a bond with security.

2. OFFICES—*effect of order of court directing clerk to approve security offered on appeal bond.* The effect of an order of the court directing the clerk to approve the security offered on an appeal bond is equivalent to an order directing him to approve only a surety residing in the State or authorized by statute to be a surety on such bond, and the act of the clerk in approving a non-resident surety is not authorized and is a breach of his official duty.

3. SAME—*officer is not liable in damages for official action of judicial nature.* Official action which is the result of judgment or discretion with which the officer is clothed is judicial in its nature, and for an act done in good faith, in the exercise of such power, the officer cannot be held liable in damages.

4. SAME—*when official duty is ministerial.* Official duty is ministerial and not judicial in its nature when it is absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts, and the fact that the same

officer may be charged with the performance of judicial duties does not protect him in discharging his purely ministerial duties.

5. SAME—*clerk's duty to approve only a resident surety on appeal bond is ministerial.* The duty of the clerk of court to accept as security on an appeal bond only a surety resident in this State or authorized by statute to be a surety on such bond is purely ministerial and admits of the exercise of no discretion, notwithstanding he may be required to ascertain whether the surety offered comes within such requirement.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

C. H. BURTON, for the People.

WISE, KEEFE & WHEELER, (R. B. HENDRICKS, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The declaration in this case was upon the official bond of Thomas May, Jr., as clerk of the circuit court of St. Clair county. It alleged the recovery by Edward Gobin, in that court, of a judgment, from which the defendant prayed an appeal. By the order of the court the clerk was directed to approve the security upon the appeal bond, and the breach alleged is, that he accepted as sole surety on such bond a non-resident of the State of Illinois who was wholly insufficient. A demurrer to the declaration was sustained and judgment was rendered in favor of the defendants. The record of the Appellate Court by which this judgment was affirmed has been brought here by *certiorari* for review.

The single count of the amended declaration did not aver that the surety, at the time he was accepted, was insolvent or had not property of such value that he could be compelled to respond to the amount of the bond, but the averment is that the clerk did not make due inquiry and use

proper means to ascertain the qualification and financial standing of the surety and to ascertain the amount of his property, and that without properly informing himself he "carelessly and negligently accepted the said D. J. Mackey, a non-resident of the State of Illinois, as aforesaid, and wholly insufficient as surety upon said appeal bond, as sole surety thereon." The insufficiency of the surety therefore seems to be based, not upon his want of property, but upon his non-residence.

The Practice act does not expressly provide that the surety upon an appeal bond must be a resident of the State, yet it is manifest that the security required was intended to be such as may be enforced in the courts of the State. A writ of error cannot be sued out or any other action brought unless a resident of the State becomes liable for the costs. If every action, even for a trifling amount, requires that the defendant shall have the liability of a resident of the State as security for his costs, it certainly was not intended that an appeal which may operate as a *supersedeas* to any amount could be prosecuted without such security. So far as the courts of this State are concerned, a bond signed only by a non-resident surety is not a bond with security. The order of the court to the clerk to approve the security offered on the bond was equivalent to an order authorizing the clerk to approve a surety resident in this State or authorized by statute to be a surety upon such bond. The order conferred no authority upon the clerk to approve a non-resident surety, and his act in doing so was a breach of his official duty.

It is argued by the defendants in error that the act of the clerk in approving the security on the bond was judicial in its character and cannot be made the basis of a civil liability unless done maliciously or corruptly. Official action which is the result of judgment or discretion is judicial in its nature, and an officer clothed with judicial power will not be held liable in damages for an act within the scope

of his jurisdiction done in good faith in the exercise of such power. If it be conceded that this principle applies to the act of a clerk in determining, from his own investigation and judgment, the financial responsibility of a proposed surety,—a question upon which the decisions are not uniform,—still it has no application here, where the objection is that the surety was a non-resident and could not, under any circumstances, be accepted. The question committed to the judgment of the clerk was the sufficiency of the security. The law, as we have held, required the surety to be a resident of the State. As to this requirement there was no discretion. The duty of the clerk was fixed and certain, and was therefore ministerial. Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts. Though the same officer may be charged with the performance of judicial as well as ministerial duties, the judicial privilege will not protect him in the exercise of his ministerial functions, only. (*People* v. *Bartels,* 138 Ill. 322.) The fact that the clerk may be required to ascertain whether the proposed surety is a resident of the State does not affect the ministerial nature of his duty. In the case cited the court quotes with approval from the case of *Grider* v. *Tally,* 77 Ala. 422, as follows: "That a necessity may exist for the ascertainment, from personal knowledge or by information derived from other sources, of the state of facts on which the performance of the act becomes a clear and specific duty, does not operate to convert it into an act judicial in its nature. Such is not the judgment or discretion which is an essential element of judicial action."

The city court erred in sustaining the demurrer. Its judgment, as well as that of the Appellate Court, will be reversed and the cause will be remanded to the city court.

*Reversed and remanded.*