## BENGE v. FOSTER et al.
### No. 3731.

Court of Civil Appeals of Texas. Amarillo.
March 9, 1932.

Rehearing Denied March 30, 1932.

E. O. Northcutt, of Amarillo, for appellant.

W. H. Russell and Dameron & Dameron, all of Hereford, for appellees.

RANDOLPH, J.

This suit was filed for the use and benefit of appellant Benge in the district court of Deaf Smith county, to recover of L. H. Foster, clerk of the district court of said county individually, and against his sureties upon his official bond. A general demurrer was sustained by the trial court to plaintiff's petition, and the plaintiff refusing to amend, the case was thereupon dismissed. From such dismissal order the plaintiff has appealed.

The plaintiff brought suit against one Ar-

thur Brooks in the district court of Deaf Smith county and recovered a judgment against Brooks in the sum of $1,792. A writ of garnishment was issued out of said court on said judgment against the First National Bank of Hereford, as garnishee, which was duly served on said bank. The bank answered and admitted an indebtedness to the defendant Brooks in the sum of $1,656.62, a sum slightly less than the amount of the judgment obtained against Brooks. The defendant Brooks thereupon replevied the amount named as being owing to him as a deposit by the bank, by tendering to the clerk of the district court of Deaf Smith county a bond in double the amount thereof, with two sureties on it.

Quoting from the plaintiff's petition, he alleges as follows: "In connection with the above-mentioned replevy bond this plaintiff would show that the said Arthur Brooks was a resident of Deaf Smith County, Texas, and that he did not have property in his name in Deaf Smith County, Texas, that was subject to execution at the time that the replevy bond above mentioned was approved by the said L. H. Foster, and the same is true as to said W. C. McDaniel and Jim Brooks, and neither of them had property in Deaf Smith County, Texas, subject to execution, and this plaintiff alleges the true facts to be that they nor either of them, Arthur Brooks, W. C. McDaniel and Jim Brooks, have any property in the State of Texas, that he knows of or is able to find, that is subject to execution, and in this connection the plaintiff would show that the defendant, L. H. Foster, is and was at the time that he approved the above mentioned replevy bond both County Clerk and District Clerk, and as such County Clerk he had the records of Deaf Smith County in his possession, and as such had at his command and in his possession such records as would have shown to the said L. H. Foster the true condition as to the property and wealth of the said W. C. McDaniel and Jim Brooks, and by looking or checking through the Deed Records and other records of Deaf Smith County, Texas, he could have and would have found that the said W. C. McDaniel and Jim Brooks nor either of them had any property subject to execution. But on the contrary the said defendant, L. H. Foster, approved said bond without checking the records to learn as to whether the said McDaniel or the said Jim Brooks or either of them owned any property in the State of Texas subject to execution, and did not have them, or either of them, to make any property statement in order that he might check the records and learn as to their true financial condition, and without making any investigation of any kind as to the sufficiency of said parties as bondsmen on such Replevy Bond, but approved such bond without knowing the said W. C. McDaniel or the said Jim Brooks, and without knowing anything as to their financial condition as sufficiency as bondsmen, and the said L. H. Foster approved said bond without even knowing the said W. C. McDaniel or Jim Brooks or either of them, but at the same time approved said bond whereby the said Arthur Brooks came into possession of all of the money above mentioned that was held by the First National Bank of Hereford, and which this plaintiff should have received and was entitled to have recovered and would have recovered but for such acts and conduct on the part of the said defendant and because of his negligence in approving said bond as it was his duty as such District Clerk to do so, and because of the said L. H. Foster as such District Clerk approving such bond as hereinabove stated without making the proper investigation, namely: By having the said sureties to give proper list of property showing that they had property in this State subject to execution or by learning as to the ability of either of said parties to pay but on the contrary said L. H. Foster did not know either of said sureties, and because of said conduct on the part of said L. H. Foster as such District Clerk in approving such bond as above mentioned was such negligence and gross neglect of duty as such District Clerk as to entitle this Plaintiff to recover the amount of his damages, which damages were caused by such neglect of duty as above mentioned, and because of such negligence and gross neglect of duty this plaintiff has suffered damages in the sum of $1656.62, which amount is the amount set out in the answer of the First National Bank of Hereford, as the amount held by it under the terms of such Garnishment above mentioned, and by approving said bond hereinabove mentioned in the manner above mentioned without knowing said bondsmen and without making any investigation as to such bondsmen was such negligence and neglect of duty such that he did not perform all of the duties required of him by law as District Clerk, and such acts, negligence and conduct on the part of such Clerk would constitute fraud on the part of such Clerk as against this plaintiff to entitle him to recover his damages as herein mentioned, and such acts would constitute such conspiracy and fraud on the part of such Clerk to the damages of this plaintiff as herein stated, and he did not faithfully discharge the duties of his office as required by law, thereby damaging this plaintiff in the sum of $1656.62."

■ The rule is that for the purpose of our discussion of the court's action in sustaining the general demurrer, the truth of the facts alleged in the petition is admitted. There is no question presented here of the insufficiency of the petition in its allegations of negligence and gross neglect of duty on the part of the clerk, and there is no question but that the petition properly alleges the plaintiff's loss by said alleged negligence.

The sole question for our consideration is: Was the duty of the clerk as prescribed by the statute a ministerial or a judicial act?

13 Vernon's Ann. Civil Statutes, art. 4084, provides as follows: "The defendant may, at any time before judgment, replevy any effects, debts, shares, or claims of any kind seized or garnisheed by giving bond, with two or more good and sufficient sureties to be approved by the officer who issued the writ of garnishment, payable to the plaintiff, in double the amount of the plaintiff's debt, and conditioned for the payment of any judgment that may be rendered against the said garnishee in such suit, which when properly approved shall be filed among the papers in the cause in which the suit is pending. In all proceedings in garnishment where the defendant gives bond as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit."

■■ It is one of the official duties of the district clerk to pass upon the sufficiency of the sureties on a replevy bond tendered him and ordinarily the duties of a clerk of a court are purely ministerial. Acts in which he is not vested with the discretion are given to a court. In passing on the sufficiency and solvency of the sureties to a bond, he has the opportunity of ascertaining the solvency of the sureties, by inquiring as to their financial condition and by an examination of the records of his county. If the sureties tendered do not reside in the county but in some other county in the state of Texas, the law provides for proof of their solvency by certificate from the clerk of the county in which they reside. If the clerk of the court in which the suit is filed fails to inform himself from the means at hand, he is culpably negligent and should be held liable. If such clerk, after availing himself of the means given him of ascertaining the solvency of the sureties, is in some manner deceived by proof, the falsity of which he could not know, then it is likely he would not be liable for his determination in the matter. But where he willfully or negligently fails or refuses to make any inquiry or to make an examination of the records or to do anything to ascertain the solvency of sureties whom he does not even know, he is not performing a judicial act. He is not functioning as a court.

Where it is a part of the clerk's official duty to examine and pass on a certain bond, and he is so negligent in the performance of

this duty as to cause damage, he can be held liable personally and on his official bond therefor. 11 C. J. 893, § 90.

If the allegations of the petition are true, and the defendant did not even know the sureties tendered and, in fact, if they were nonresidents of the state, they would have been ineligible as sureties. Certainly if he approved a bond with such nonresident sureties, he could not avoid liability on his official bond on the ground that his act in approving such bond was a judicial act. Id., note 30(a). Yet his act in approving such bond would be on a plane with the approval of the bond in the case at bar and as much of a judicial act.

"The measure of the clerk's duty usually extends no further than the use of due care in ascertaining the sufficiency of the sureties; he cannot be considered as an insurer of a bond which in his official capacity he has examined and approved as sufficient. *And whether he made proper investigation and was justified in that investigation in approving the bond, is necessarily a question of fact.*" (Italics ours.) 11 C. J. 894.

"It is generally one of the official duties of a clerk to pass on the sufficiency of the sureties offered on an appeal bond. Notwithstanding the approval of the bond is a quasi judicial act, when a supersedeas is granted, conditioned on the approval of a bond by the clerk, if the clerk negligently and without making due inquiry as to the sufficiency of the sureties approves such bond, it is a breach of the duty imposed on him by law and covered by the conditions of his bond." Id. 894.

See, also, Heater v. Pearce, 59 Neb. 583, 81 N. W. 615; People v. May, 251 Ill. 54, 95 N. E. 999, Ann. Cas. 1912C, 510.

The defendant relies largely upon the case of Rains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609, to sustain his contention that he is not liable personally or on his official bond. The facts of that case do not make it authority in this case. In that case it is clear that the justices of the peace who, under the law at that time constituted the county court, were performing a judicial act as a court and, hence, were not liable on their bonds.

Believing that we were in error in our former opinion in affirming the action of the trial court, we withdraw our said opinion and reverse the judgment of the trial court and remand this case to said court for a trial on the merits.