

# THE ATTORNEY GENERAL
## OF TEXAS

July 1, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Gary E. Kersey
Kerr County Attorney
317 Earl Garrett
Kerrville, Texas    78028

Opinion No. JM-735

Re:   Whether a district clerk may require a deposit for court costs in an application for a protective order under section 71.04 of the Family Code

Dear Mr. Kersey:

You ask whether a district or county clerk may require a person applying for a protective order pursuant to section 71.04 of the Texas Family Code to post a deposit for court costs as a condition of filing the application. We understand you to ask only about the district or county clerk's duty to file applications for protective orders and not the clerk's duty to perform any other services. In our opinion, neither the district clerk nor the county clerk may place such a condition on the filing of an application for a protective order.

The Family Code offers protection in the form of a protective order to family or household members from the violent acts or threats of violence of another member of the family or household. Section 71.04(b) of the code allows one or more members of a family or household to apply for an order restraining another member of the family or household from committing further acts of "family violence." It also authorizes a prosecuting attorney to apply for a protective order for the protection of any person alleged to be a victim of family violence. "Family violence" is defined as the intentional use or threat of physical force against a member of a family or household by another member of the family or household, but it does not include the reasonable discipline of a child by a person having that duty. Family Code §71.01(b)(3).

Proceedings under chapter 71 of the Family Code are commenced by the filing of the application for a protective order with the clerk of the court. <u>Id.</u> §71.02. Section 71.04(d) sets the fee for filing an application:

> The fee for filing an application is $16 and is to be paid to the clerk of the court in which the application is filed. <u>If the applicant files a sworn statement that the applicant is unable to pay the filing fee and other court costs, the</u>

> court, on a finding that the statement is true,
> shall waive the fee and costs that may be due or
> become due from the applicant. A hearing on the
> issue of the waiver of the fee and cost, if
> requested by a party or if required by the court,
> must be held within three days of the request by a
> party or of the court's requirement. (Emphasis
> added).

You write that the current practice in some clerks' offices is "to require all the normal court costs in civil cases to be deposited before a [p]rotective [o]rder application can be filed and any action taken." Essentially, you question the authority of the district or county clerk to impose such a requirement on applicants for a protective order.

As a general rule, a public officer has no authority to perform acts not authorized or required of him by law. Duncan v. State, 67 S.W. 903 (Tex. Civ. App. 1902, no writ). The courts and this office have repeatedly characterized the powers and duties of the district clerk and county clerk as ministerial functions. See Benge v. Foster, 47 S.W.2d 862 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Attorney General Opinion Nos. JM-694 (1987); JM-166 (1984); cf. Attorney General Opinion JM-533 (1986). Sections 51.303 and 51.402 of the Government Code govern the duties and powers of the district clerk and county clerk, respectively. The first section provides the following:

> (a) The clerk of a district court, in record books kept for that purpose, shall:
>
> (1) record the acts and proceedings of the court;
>
> (2) enter all judgments of the court under the direction of the judge; and
>
> (3) record all executions issued and the returns on the executions.
>
> (b) The district clerk shall keep in well-bound books an index of the parties to all suits filed in the court. The index must list the parties alphabetically using their full names and must be cross-referenced to the other parties to the suit. In addition, a reference must be made opposite each name to the page of the minute book on which is entered the judgment in the case.
>
> (c) On the last day of each term of the court, the district clerk shall make a written statement of fines and jury fees received. The statement

must include the name of the party from whom a fine or jury fee was received, the name of each juror who served during the term, the number of days served, and the amount due the juror for the services. The statement shall be recorded in the minutes of the court after it is approved and signed by the presiding judge.

(d) The clerk of a district court may:

(1) take the depositions of witnesses; and

(2) perform other duties that are imposed on the clerk by law.

Gov't Code §51.303. The duties of the county clerk are described in the following provision:

(a) The clerk of a county court may:

(1) issue marriage licenses; and

(2) take affidavits and depositions.

(b) On the last day of each term of the court, the clerk shall make a written statement of fines and jury fees received since the last statement. The statement must include the name of the party from whom a fine or jury fee was received, the name of each juror who served during the term, the number of days served, and the amount due the juror for the services. The statement shall be recorded in the minutes of the court after it is approved and signed by the presiding judge.

(c) The clerk shall deposit fines and jury fees received by the clerk in the county treasury for the use of the county.

Id. §51.402. Neither provision expressly authorizes a district clerk or county clerk to impose the deposit requirement you have inquired about. The clerks of the district and county courts may require from a plaintiff security for costs before issuing any process, but must file petitions presented to them and enter them on the docket. Tex. R. Civ. Proc. 142. See Attorney General Opinion Nos. JM-533 (1986); S-42 (1953). Furthermore, clerks are required to issue process and perform all other services required of them when a party who is unable to provide security for costs files an affidavit with the clerk stating that the party is too poor to pay the costs of court. Tex. R. Civ. Proc. 145. See also Family Code §71.04(d). Rule 146 of the Texas Rules of Civil Procedure permits a party required to post bond

for costs to submit a deposit for such costs instead. The amount of the deposit, however, is determined by the court and is intended to cover only accrued costs:

> In lieu of a bond for costs, the party required to give the same may deposit with the clerk of court or the justice of the peace such sum as the court or justice from time to time may designate as sufficient to pay the accrued costs.

Tex. R. Civ. Proc. 146. See Mosher v. Tunnell, 400 S.W.2d 402 (Tex. Civ. App. - Houston 1966, writ ref'd n.r.e.).

It is a longstanding rule in Texas that documents are filed with the court clerk when tendered. Arndt v. Arndt, 709 S.W.2d 281 (Tex. App. - Houston [14th Dist.] 1986, no writ). It is evident, then, that clerks may not refuse to file petitions presented to them simply because the petitioner has yet to provide security for costs. To permit the clerk to impose conditions on the filing of applications for protective orders would, we believe, deny the applicant his constitutional right to open courts:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. art. I, §13. LeCroy v. Hanlon, 713 S.W.2d 335 (Tex. 1986). See Attorney General Opinion JM-533 (1986). Accordingly, a district or county clerk may not condition the performance of a ministerial duty -- i.e., the filing of an application for a protective order -- on the applicant's payment of a deposit for court costs.

## S U M M A R Y

A district or county clerk may not require a person applying for a protective order pursuant to section 71.04 of the Texas Family Code to post a deposit for court costs as a condition of filing the application.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General