

# THE ATTORNEY GENERAL
# OF TEXAS

May 12, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll             Opinion No. JM-694
Harris County Attorney
1001 Preston, Suite 634             Re:  Duties of a district clerk
Houston, Texas    77002            with regard to notices of dis-
                                   missal filed in civil action and
                                   related questions

Dear Mr. Driscoll:

        You inquire about those duties which the district clerk of Harris
County must discharge in civil actions when the clerk receives:   (1)
"notices of dismissal," (2) "a request for withdrawal by an attorney
from a civil action scheduled for dismissal," and (3) "a combined
motion and order for non-suit filed in a civil action which was not
signed by the Judge."  Before proceeding to answer your questions,
some preliminary matters need to be addressed.

        The district court clerk's duties are prescribed by statute.  In
particular, section 51.303 of the Texas Government Code, governing the
"duties and powers" of the clerk of a district court, sets forth the
following:

                (a)  The clerk of a district court, in record
        books kept for that purpose, shall:

                (1)  record the acts and proceedings of the
        court;

                (2)  enter all judgments of the court under
        the direction of the judge; and

                (3)  record all executions issued and the
        returns on the executions.

                (b)  The district clerk shall keep in well-
        bound books an index of the parties to all suits
        filed in the court.  The index must list the
        parties alphabetically using their full names and
        must be cross-referenced to the other parties to
        the suit.  In addition, a reference must be made

opposite each name to the page of the minute book on which is entered the judgment in the case.

(c) On the last day of each term of the court, the district clerk shall make a written statement of fines and jury fees received. The statement must include the name of the party from whom a fine or jury fee was received, the name of each juror who served during the term, the number of days served, and the amount due the juror for the services. The statement shall be recorded in the minutes of the court after it is approved and signed by the presiding judge.

(d) The clerk of a district court may:

(1) take the depositions of witnesses; and

(2) perform other duties that are imposed on the clerk by law. (Emphasis added).

The courts typically characterize the powers and duties of district clerks as ministerial functions. Benge v. Foster, 47 S.W.2d 862, 864 (Tex. Civ. App. - Amarillo 1932, writ ref'd). In Cooney v. Isaacks, 173 S.W. 901, 903 (Tex. Civ. App. - El Paso 1915, writ dism'd), the court asserted:

The duty to file papers and docket motions rests with the clerk, and it is the duty of that official to file all papers tendered for filing, and to docket all motions filed.

See also Wooster v. McGee, 1 Tex. 17 (1846) (the district clerk is responsible for filing all papers in a cause presented by the parties). The courts have therefore distinguished the clerk's ministerial duties from judicial determinations. See, e.g., Burrell v. Cornelius, 570 S.W.2d 382, 384 (Tex. 1978) ("Judges render judgment; clerks enter them on the minutes.").

Rules 25 and 26 of the Texas Rules of Civil Procedure impose obligations upon the district clerk with respect to administering file dockets. Rule 25 of the Rules of Civil Procedure provides:

Each clerk shall keep a file docket which shall show in convenient form the number of the suit, the names of the attorneys, the names of the parties to the suit, and the nature thereof, and, in brief form, the officer's return on the process, and all

> subsequent proceedings had in the case with the dates thereof.  (Emphasis added).

Rule 26 of the Rules of Civil Procedure provides:

> Each clerk shall also keep a court docket in a well bound book in which he shall enter the number of the case and the names of the parties, the names of the attorneys, the nature of the action, the pleas, the motions, and the rulings of the court as made.  (Emphasis added).

Notices of dismissal are governed primarily by Rules 162 and 163 of the Rules of Civil Procedure.  Rule 162 provides:

> The plaintiff may dismiss a case upon filing a notice of dismissal, which shall be entered in the minutes.  A copy of the notice shall be served in accordance with Rule 21a on any party who has answered or has been served with process. (Emphasis added).

Rule 163 states:

> When it will not prejudice another party, the plaintiff may dismiss his suit as to one or more of several parties who were served with process, or who have answered, but no such dismissal shall in any case, be allowed as to a principal obligor, except in the cases provided for in Art. 2088 of the Revised Civil Statutes of Texas.

In our opinion, the reasonable construction of Rules 162 and 163 in light of Rules 25 and 26 requires the clerk to perform the ministerial acts of entering the notice of dismissal in the minutes and filing it in the subject cause.  See also Benge v. Foster, 47 S.W.2d at 864 (clerk serves in ministerial capacity for court).

As to correspondence received by a clerk concerning the withdrawal of an attorney from a civil action, Rule 10 of the Rules of Civil Procedure provides:

> An attorney of record is one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement of the parties filed in the case; and he shall be considered to have continued as such attorney to the end of the suit in the trial court, unless

> there is something appearing to the contrary in
> the record.  (Emphasis added).

Since the clerk is responsible for maintaining the "record" in a civil
action, see generally Tex. R. Civ. Proc. 25 and 26; Govt. Code
§51.303, correspondence addressed to the clerk pertaining thereto,
such as a request for withdrawal by an attorney, should be entered in
the minutes and in the file by the clerk of the district court. See
also Curtis v. Carey, 393 S.W.2d 185, 188 (Tex. Civ. App. - Corpus
Christi 1965, no writ) (having once appeared as attorney of record for
a party, an attorney, as an officer of the court, will continue to be
attorney of record for that party until the trial court gives him
permission to withdraw); State Bar Rules, V.T.C.S. Title 14 App. art.
10, §9, Code of Prof. Resp., DR2-110(A)(1).

Turning to non-suits, the rule governing a plaintiff's motion for
non-suit provides:

> Upon the trial of any case, at any time before
> plaintiff has introduced all of his evidence other
> than rebuttal evidence, the plaintiff may take a
> non-suit, but he shall not thereby prejudice the
> right of an adverse party to be heard on his claim
> for affirmative relief.  In the event a motion for
> sanctions is pending, or the party taking the
> non-suit has been ordered to pay either attorney
> fees or other costs, or both, as sanctions for
> failing to comply with court orders and has failed
> to pay such fees or costs, or both, the non-suit
> shall have no effect upon the liability for
> attorney fees, sanctions, or other costs.

Tex. R. Civ. Proc. 164.  When the defendant has not sought affirmative
relief prior to plaintiff's motion for non-suit, the Texas Supreme
Court has liberally construed Rule 164 as favoring plaintiff's right
to take a non-suit unencumbered by any requirements extrinsic to Rule
164.  See Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982);
Newman Oil Co. v. Alkek, 657 S.W.2d 915, 920 (Tex. App. - Corpus
Christi 1983, no writ).

Although Rule 164 does not specify any duties for the district
clerk concerning motions for non-suits, motion practice in civil cases
requires in part the following:

> An application to the court for an order,
> whether in the form of a motion, plea or other
> form of request, unless presented during a hearing
> or trial, shall be made in writing, shall state
> the grounds therefor, shall set forth the relief

or order sought, and <u>shall be filed and noted on the docket</u>. (Emphasis added).

Tex. R. Civ. Proc. 21. The word "shall" is generally construed to be mandatory. <u>Green v. County Attorney of Anderson County</u>, 592 S.W.2d 69, 73 (Tex. Civ. App. - Tyler 1979, no writ); Attorney General Opinion JM-561 (1986). Accordingly, a district clerk must file in the record and note in the docket a motion for non-suit and its accompanying proposed order. The clerk's fulfillment of these duties in a timely manner is especially significant in that the plaintiff's right to a non-suit exists from the moment a motion for non-suit is made, unless the defendant has, prior to that time, sought affirmative relief. <u>Greenberg v. Brookshire</u>, 640 S.W.2d at 872.

S U M M A R Y

When the clerk of the district court receives a notice of dismissal, a request for withdrawal by an attorney from a civil action scheduled for dismissal, or a motion for a non-suit with an accompanying proposed order, the duty of the clerk with respect to each of these documents or instruments is to enter them in the minutes and file them in the record of the subject cause.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jeff Millstone
Assistant Attorney General