Honorable Sam W. Dick Criminal District Attorney Fort Bend County Courthouse Richmond, Texas 77469
Re: Recordability of certain documents by a county clerk (RQ-1376)
Dear Mr. Dick:
You ask:
 1. May a Clerk's Office properly allow the same document to be recorded more than once to correct an error (re-recorded)? Or, must a new and separate corrected document be drafted for recordation to correct an error or omission?
 2. In the event a document can be recorded more than once (re-recorded), is some form of additional acknowledgement necessary to meet the recordation requirements?
 3. Where corrections are apparent on the face of the document, must the Clerk's Office screen and reject same from recordation when the document otherwise meets the recordation requisites?
 4. Is the Clerk liable for substantive imperfections in a document if the same is recorded? Or, if the Clerk fails to record a document that meets the recordation requirements, is the Clerk exposed to any potential liability?
The responsibilities of the district clerk and county clerk have been a source of frequent concern as reflected by numerous attorney general opinions addressing this subject. Attorney General Opinion JM-727 (1987) stated:
 The courts and this office have repeatedly characterized the powers and duties of the district clerk and county clerk as ministerial functions. See Benge v. Foster, 47 S.W.2d 862
(Tex.Civ.App.-Amarillo 1932, writ ref'd); Attorney General Opinion Nos. JM-694 (1987); JM-166 (1984); cf. Attorney General Opinion JM-533 (1986).
Section 11.004 of the Property Code requires the county clerk to record "any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law." Subsection (b) of section 11.004 provides that a county clerk who violates any provision of this section is subject to a civil penalty of not more than $500.00.
Section 12.001 of the Property Code sets forth the requirements for recording an instrument concerning real or personal property. Section 12.001 provides:
 (a) An instrument concerning real or personal property may be recorded if it has been acknowledged or proved according to law.[1]
 (b) An instrument conveying real property may not be recorded unless it is signed and acknowledged by the grantor in the presence of two or more credible subscribing witnesses or acknowledged before and certified by an officer authorized to take acknowledgements.
 (c) This section does not require the acknowledgement or prohibit the recording of a financing statement, a security agreement filed as a financing statement, or a continuation statement filed for record under the Business Commerce Code.
Your first two questions relate to the filing of a document that has as its purpose the correction of an error in an earlier instrument. Each document presented to the clerk for filing must be judged on its own merits. If the instrument meets the requirements for recording set forth in section 12.001 the clerk is required to record the document. It is not a duty of the clerk to determine whether the same or a like document has been previously recorded. The fact that the instrument offered for recording may be for the purpose of correcting an error in a previously recorded instrument is not a factor in determining whether it meets the requirements of section 12.001.
Your third question relates to the clerk's duty with regard to obvious changes or corrections made on the face of the instrument's text. You direct our attention to handwritten changes appearing on an instrument without initials or any other evidence of approval by the parties. It is not a responsibility of the clerk to determine the effect or legality of perceived changes or corrections on the body of the instrument offered for recording. The clerk is only required to record "any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law." Property Code §11.004.
In your last question you inquire about potential liability of the county clerk in the recording of documents. Subsection (b) of section 11.004 makes a county clerk subject to a civil penalty of not more than $500.00 for failure to record any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law. If the requirements for recording have been satisfied, the clerk is not liable for any substantive errors in the instrument.
 SUMMARY
Each document presented to the county clerk for recording must be judged on its own merits. If the document meets the requirements of section 12.001 of the Property Code the county clerk is required to record the document. It is not the responsibility of the clerk to determine the effect or legality of perceived changes or corrections appearing on the face of the document presented for recording. Subsection (b) of section 11.004 of the Property Code makes a county clerk subject to a civil penalty of not more than $500.00 for failure to record any instrument authorized or required to be recorded in the clerk's office that is proved or acknowledged according to law. If the requirements for recording have been satisfied, the county clerk is not liable for any substantive errors in the instrument.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] Section 121.004 of the Texas Civil Practice and Remedies Code sets forth the method of acknowldgement, as follows:
 (a) To acknowledge a written instrument for recording, the grantor or person who executed the instrument must appear before an officer and must state that he executed the instrument for the purposes and consideration expressed in it.
(b) The officer shall:
(1) make a certificate of the acknowledgement;
(2) sign the certificate; and
(3) seal the certificate with the seal of office.
Section 121.009 of the Texas Civil Practice and Remedies Code provides the requisites for proof of acknowledgement by a witness as follows:
 (a) To prove a written instrument for recording, at least one of the witnesses who signed the instrument must personally appear before an officer who is authorized by this chapter to take acknowledgements or proofs and must swear:
 (1) either that he saw the grantor or person who executed the instrument sign it or that that person acknowledged in the presence of the witness that he executed the instrument for the purposes and consideration expressed in it; and
 (2) that he signed the instrument at the request of the grantor or person who executed the instrument.
 (b) The officer must make a certificate of the testimony of the witness and must sign and officially seal the certificate.
 (c) The officer may take the testimony of a witness only if the officer personally knows or has satisfactory evidence on the oath of a credible witness that the individual testifying is the person who signed the instrument as a witness. If evidence is used to identify the witness who signed the instrument, the officer must note the use of the evidence in the certificate of acknowledgement.