

# THE ATTORNEY GENERAL
# OF TEXAS

May 17, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Sam W. Dick
Criminal District Attorney
Fort Bend County Courthouse
Richmond, Texas   77469

Opinion No.   JM-904

Re:  Recordability of certain
documents by a county clerk
(RQ-1376)

Dear Mr. Dick:

You ask:

> 1.  May a  Clerk's Office  properly  allow
> the same document  to be  recorded more  than
> once to correct an error (re-recorded)?    Or,
> must a new and separate corrected document be
> drafted for recordation  to correct an  error
> or omission?

> 2.  In  the  event  a  document  can  be
> recorded more  than  once  (re-recorded),  is
> some  form  of  additional  acknowledgement
> necessary to  meet the  recordation  require-
> ments?

> 3.  Where corrections are apparent on  the
> face of the document, must the Clerk's Office
> screen and reject same from recordation  when
> the document otherwise meets the  recordation
> requisites?

> 4.  Is the  Clerk liable  for  substantive
> imperfections in a  document if  the same  is
> recorded?  Or, if the Clerk fails to record a
> document  that  meets  the  recordation
> requirements, is  the  Clerk exposed  to  any
> potential liability?

The responsibilities of the  district clerk and  county
clerk have been a source of frequent concern as reflected by
numerous attorney general opinions addressing this  subject.
Attorney General Opinion JM-727 (1987) stated:

The courts and this office have repeatedly characterized the powers and duties of the district clerk and county clerk as ministerial functions. See Benge v. Foster, 47 S.W.2d 862 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Attorney General Opinion Nos. JM-694 (1987); JM-166 (1984); cf. Attorney General Opinion JM-533 (1986).

Section 11.004 of the Property Code requires the county clerk to record "any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law." Subsection (b) of section 11.004 provides that a county clerk who violates any provision of this section is subject to a civil penalty of not more than $500.00.

Section 12.001 of the Property Code sets forth the requirements for recording an instrument concerning real or personal property. Section 12.001 provides:

(a) An instrument concerning real or personal property may be recorded if it has been acknowledged or proved according to law.[1]

---

1. Section 121.004 of the Texas Civil Practice and Remedies Code sets forth the method of acknowledgement, as follows:

(a) To acknowledge a written instrument for recording, the grantor or person who executed the instrument must appear before an officer and must state that he executed the instrument for the purposes and consideration expressed in it.

(b) The officer shall:

(1) make a certificate of the acknowledgment;

(2) sign the certificate; and

(3) seal the certificate with the seal of office.

(Footnote Continued)

(b) An instrument conveying real property may not be recorded unless it is signed and acknowledged by the grantor in the presence of two or more credible subscribing witnesses or acknowledged before and certified by an officer authorized to take acknowledgements.

(c) This section does not require the acknowledgement or prohibit the recording of a financing statement, a security agreement

---

(Footnote Continued)

Section 121.009 of the Texas Civil Practice and Remedies Code provides the requisites for proof of acknowledgment by a witness as follows:

(a) To prove a written instrument for recording, at least one of the witnesses who signed the instrument must personally appear before an officer who is authorized by this chapter to take acknowledgments or proofs and must swear:

(1) either that he saw the grantor or person who executed the instrument sign it or that that person acknowledged in the presence of the witness that he executed the instrument for the purposes and consideration expressed in it; and

(2) that he signed the instrument at the request of the grantor or person who executed the instrument.

(b) The officer must make a certificate of the testimony of the witness and must sign and officially seal the certificate.

(c) The officer may take the testimony of a witness only if the officer personally knows or has satisfactory evidence on the oath of a credible witness that the individual testifying is the person who signed the instrument as a witness. If evidence is used to identify the witness who signed the instrument, the officer must note the use of the evidence in the certificate of acknowledgment.

filed   as   a   financing   statement,   or   a
continuation statement filed for record under
the Business & Commerce Code.

Your first  two questions  relate to  the filing  of  a
document that has as its purpose the correction of an  error
in an earlier  instrument. Each document  presented to  the
clerk for filing must be judged  on its own merits.  If  the
instrument meets the requirements for recording set forth in
section 12.001 the clerk is required to record the document.
It is not a duty of the clerk to determine whether the  same
or a like document has  been previously recorded. The  fact
that the instrument  offered for  recording may  be for  the
purpose of  correcting an  error  in a  previously  recorded
instrument is not a factor  in determining whether it  meets
the requirements of section 12.001.

Your third question  relates to the  clerk's duty  with
regard to obvious changes or corrections made on the face of
the  instrument's  text.   You   direct  our  attention   to
handwritten  changes  appearing  on  an  instrument  without
initials or any other evidence  of approval by the  parties.
It is not  a responsibility  of the clerk  to determine  the
effect or legality  of perceived changes  or corrections  on
the body of the instrument offered for recording.  The clerk
is only  required to  record "any  instrument authorized  or
required to  be  recorded in  that  clerk's office  that  is
proved or  acknowledged according  to law."   Property  Code
§11.004.

In  your  last  question you  inquire  about  potential
liability of the county clerk in the recording of documents.
Subsection (b)  of  section  11.004  makes  a  county  clerk
subject to  a civil  penalty of  not more  than $500.00  for
failure to record any  instrument authorized or required  to
be recorded  in  that  clerk's  office  that  is  proved  or
acknowledged according  to  law.  If  the  requirements  for
recording have been satisfied, the  clerk is not liable  for
any substantive errors in the instrument.

### S U M M A R Y

Each   document   presented   to   the   county
clerk for recording must be judged on its own
merits.  If the  document meets the  require-
ments of section 12.001 of the Property  Code
the county clerk  is required  to record  the
document.  It  is not  the responsibility  of
the clerk to determine the effect or legality
of perceived changes or corrections appearing

on the face of the document presented for recording. Subsection (b) of section 11.004 of the Property Code makes a county clerk subject to a civil penalty of not more than $500.00 for failure to record any instrument authorized or required to be recorded in the clerk's office that is proved or acknowledged according to law. If the requirements for recording have been satisfied, the county clerk is not liable for any substantive errors in the instrument.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General